(September 13, 1882.)

# SALMON RIVER MINING AND SMELTING COMPANY v. DUNN.

### [3 Pac. 911.]

ULTRA VIRES—CORPORATE POWERS.—A corporation, as a general rule, can only exercise such powers as are specifically granted by the act of incorporation, or such as are necessary for the exercise of such powers, all other acts being *ultra vires.*

SAME.—A corporation whose charter authorizes it to engage in the business of mining and smelting is not authorized to purchase choses in action, as such act is not necessary to the business of mining and smelting.

APPEAL from District Court, Custer County. Reversed.

James H. Hawley and J. Brumback, for Appellant.

An act of a corporation that is *ultra vires* is void. (*Currier v. Railroad Co.,* 11 Ohio St. 228; *Commonwealth v. Erie etc. R. Co.,* 27 Pa. St. 339, 67 Am. Dec. 471; *St. Louis v. Weber,*

44 Mo. 547; *Wheeler v. Board,* 39 N. J. L. 291; *Diligent Fire Co. v. Commonwealth,* 75 Pa. St. 291; *Darst v. Gale,* 83 Ill. 136.)

Thomas J. Galbraith, for Respondent.

A contest with a person, natural or artificial, under disability who becomes liable to pay money to such person, will not be permitted to avail himself of such disability to avoid his obligation.   (*Steam Nav. Co. v. Weed,* 17 Barb. 378, cited in Green's Brice's Ultra Vires, 619; *Smith v. Sheely,* 12 Wall. 358; *Barry v. Merc. Ex. Co.,* 1 Sand. 280; *Reynolds v. Commissioners of Stark Co.,* 5 Ohio, 205; *Gaines v. Bank of Mississippi,* 12 Ark. 769; *Chester Glass Co. v. Dewey,* 16 Mass. 94, 8 Am. Dec. 128; *Banks v. Poitiaux,* 3 Rand. 136, 15 Am. Dec. 706; *John v. Farmers' etc. Bank,* 2 Blackf. 367, 20 Am. Dec. 119; *Mitchell v. Deeds,* 1 Am. Corp. Cas. 460; *Ramsey v. Peoria etc. Ins. Co.,* 3 Am. Corp. Cas. 271; *Gill v. Kentucky etc. Co.,* 3 Am. Corp. Cas. 346; *Pittsburg etc. R. R. Co. v. County of Alleghany,* 4 Am. Corp. Cas. 92; *Wood Hyd. Hose Co. v. King,* 4 Am. Corp. Cas. 344; *Littlewort v. Davis,* 5 Am. Corp. Cas. 493; *Touchard v. Touchard,* 5 Cal. 306; *Mokelumne Hill etc. Co. v. Woodbury,* 14 Cal. 424, 73 Am. Dec. 658; *Natoma Water etc. Co. v. Clarkin,* 14 Cal. 544; *California etc. Tel. Co. v. Alta Tel. Co.,* 22 Cal. 398; *Spring Valley W. W. v. San Francisco,* 22 Cal. 434; *Union W. Co v. Murphy's Flat F. Co.,* 22 Cal. 620; *Danneburg G. Q. M. Co. v. Allment,* 26 Cal. 286; *People v. Frank,* 28 Cal. 507; *Rondell v. Fay,* 32 Cal. 354; *Oroville etc. R. R. Co. v. Supervisors of Plumas Co.,* 37 Cal. 354; *Pacific Bank v. De Ro,* 37 Cal. 538; *Miners' Ditch Co. v. Zellerbach,* 37 Cal. 543, 99 Am. Dec. 30; *Vandall v. South San Francisco Dock Co.,* 40 Cal. 83; *Dean v. Davis,* 51 Cal. 406; *McKiernan v. Lenzen,* 56 Cal. 62; *Boise City C. Co. v. Pinkham,* 1 Idaho, 790; *United States v. Amedy,* 11 Wheat. 392.)

PRICKETT, J.—This action was commenced in the district court of the third judicial district, in and for Lemhi county, and afterward transferred to Custer county, in the same district, for trial.   The complaint alleges that the plaintiff is a corporation organized and existing under the laws of the state of Nebraska for the purpose of mining, smelting, and refining

and marketing the products thereof, and the sale of, and otherwise operating in, mining properties, and, as such, has been, for more than four months last past, doing business in its corporate name. It is further alleged in the complaint that the appellant, Ballard S. Dunn, and one Carson, on the twenty-third day of July, 1880, entered into a contract, by the terms of which Carson was to build a bridge across Salmon river, and to receive therefor, from appellant, the sum of $3,100; that subsequently to the making of said contract the location of the bridge was changed and the length of the bridge was by such change necessarily increased; and that in consequence of such increased length it was agreed that $650 should be added to the original contract price; that Carson built the bridge and performed all the conditions of the contract on his part, and on the seventh day of October, 1880, assigned all his right, title, and interest in said contract to the plaintiff; that no part of the money due upon the contract has been paid by the defendant; that defendant has taken and holds possession of the bridge.

The only question before the court is whether the complaint contains facts sufficient to constitute a cause of action; for, notwithstanding the fact that the transcript contains a paper called a bill of exceptions, it is not such in any sense of the term. It is merely an assignment of errors, without any record of bill of exceptions showing the proceedings or decisions of the court in respect to the matters assigned as errors. The general rule is that a corporation has and may exercise such powers as are specifically granted by the act of incorporation, or are necessary for the purpose of carrying into effect the powers expressly granted, and not as having any other. The plaintiff in this case, as the complainant states, is a corporation organized for the purpose of mining, smelting, refining, and operating in mining properties. The purchasing of choses in action is entirely foreign to this business. In every contract there must be mutuality, and therefore parties capable of contracting. The demurrer to the complaint should have been sustained.

The judgment of the district court is reversed, and the cause remanded, with directions to allow the plaintiff to amend his complaint.