[No. 20223. Department Two. April 21, 1927.]

THE STATE OF WASHINGTON, *Appellant*, v. MARVIN EVANS, *as Administrator of the Estate of Agnes McLaughlin, Deceased, Respondent*.[1]

[1] EXECUTORS AND ADMINISTRATORS (72)—LIMITATION OF ACTIONS (7)—CLAIMS AGAINST ESTATE—LIMITATION AS AGAINST STATE. The statute of non-claim, Rem. Comp. Stat., § 1484, providing that no holder of a claim against an estate shall maintain an action thereon unless the claim has been presented, is more than a statute of limitation, and applies to a claim held by the state; notwithstanding Id., § 167, providing that there shall be no limitation to actions brought in the name or for the benefit of the state, which applies only to the ordinary statutes of limitation.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered July 13, 1926, in favor of the defendant, upon sustaining a demurrer to the complaint, in an action upon a claim against a decedent's estate. Affirmed.

*The Attorney General, R. G. Sharpe, Assistant,* and *A. J. Gillis,* for appellant.

*Marvin Evans,* for respondent.

PARKER, J.—The plaintiff state seeks recovery from the administrator of the estate of Agnes McLaughlin, deceased, for care and maintenance of the deceased while an inmate of its hospital for the insane. The defendant administrator demurred to the state's complaint upon the ground that it did not present its claim or commence this action for recovery thereon within the time limited by law, and that therefore its right of recovery is barred. The demurrer was, by the superior court for Walla Walla county, sustained; and the state

[1] Reported in 255 Pac. 1035.

electing not to plead further, final judgment was rendered against it denying recovery, from which it has appealed to this court.

The pleaded facts are simple. They may be summarized as follows: On February 22, 1925, Agnes McLaughlin died, having for some two years immediately preceding that date been continually an inmate of the state's hospital for the insane, being maintained therein at the state's expense. Thereafter the defendant became the duly appointed, qualified and acting administrator of the estate of the deceased upon order of the superior court for Walla Walla county. Thereafter, on March 26, 1925, the administrator gave due notice to the creditors of the deceased as the law directs, making the first publication thereof on that day. More than six months thereafter, on February 11, 1926, the state first presented its claim to the administrator for allowance, claiming the sum of $403 as compensation for the maintenance of the deceased while an inmate of its hospital for the insane. The claim was rejected and disallowed by the administrator, and thereafter this action was commenced by the state in the superior court for Walla Walla county.

[1] We read in our general statutes of limitation, following the several prescribed limitations of time within which civil actions may be commenced, as follows:

" . . . Provided, that there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: . . . " Rem. Comp. Stat., § 167 [P. C. § 8174].

This is invoked by counsel for the state as protecting it from the operation of the provisions of our probate code relating to the presentation and allowance of claims against estates of decedents, reading as follows:

"Every executor or administrator shall, immediately after his appointment, cause to be published in some newspaper printed in the county, . . . a notice to the creditors of the deceased, requiring all persons hav-. ing claims against the deceased to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication of such notice. . . . If a claim be not filed within the time aforesaid, it shall be barred. . . . " Rem. Comp. Stat., § 1477 [P. C. § 9828].

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented as herein provided." Rem. Comp. Stat., § 1484 [P. C. § 9835].

There are no stated exceptions in favor of the state or any other creditors of a decedent to be found in any provision of our probate code. These provisions of our probate code have repeatedly been given full force and effect. In *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, citing many of our previous decisions, we said:

"This statute has been strictly construed and held that it applies to claims of every kind and nature, both those established and those contingent, and under both intervention and non-intervention wills, and that a compliance with the statute is necessary in order for there to be a recovery, and that such compliance cannot be waived by an administrator or executor."

These probate statutory provisions, it seems to us, are of greater potency in the protection of estates of decedents against the delayed action of claiming creditors than are our general statutes of limitation looking to the mere withholding of the remedy of civil action from suitors because of the lapse of the prescribed periods for the commencement of such actions. An important consideration in our present inquiry is that a creditor's claim against the estate of a deceased per-

son is, in substance, a claim *in rem*, since it is of necessity only a claim against the property left by the deceased. It is not a personal claim against anyone, under our system of administering the estates of decedents, by which system all of the property of the decedent, both real and personal, passes into the hands of the executor or administrator for the purpose of paying debts and distribution of the remaining property to heirs or devisees ultimately entitled thereto. Another important consideration is the affirmative nature of the declarations found in the language of our probate code above quoted, that "if a claim be not filed within the time aforesaid, it shall be barred," and that "no holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented as herein provided;" which prerequisites cannot be waived by an executor or administrator, as the protection of a general statute of limitation can generally be waived. Thus, we think there is evidenced a legislative intent to not merely withhold the remedy, but to take away the very right of recovery out of the property left by a decedent, by failure on the part of a claimant to present his claim as our statute provides.

The decisions of the courts of the Union touching the statutory limitations against the right of a state to sue upon or otherwise establish its claim against an estate of a decedent, read superficially, may not seem wholly harmonious; but we think, as applied to systems of probate jurisdiction and administration of estates of decedents such as exist in our state, the weight and reason of the authorities are decidedly to the effect that a state as a claimant is subject to exactly the same limitations as any other creditor who may make claim against the estate of a decedent. We notice particularly in chronological order what we conceive to be three lead-

ing decisions of the courts of this country holding to this
view of the law. In *State v. Crutcher*, 32 Tenn. 300,
decided by the supreme court of that state in 1852, in-
volving a problem conditioned much as the one before
us, Justice McKinney, speaking for the court, said:

"The 9th section of that act declares that 'the credit-
ors of any person deceased shall make their claim within
seven years after the death of such debtor, otherwise
such creditors shall be forever barred.' This statute,
in its character, object, and effect, is wholly different
from the ordinary statutes of limitation. The term
'creditors,' it may be remarked, properly includes arti-
ficial persons—as, bodies politic or corporate—as much
as natural persons; and a remarkable feature of the law
is that it contains no exception or saving clause in favor
of the rights of any person whatever. . . . This
statute establishes what is called a positive prescrip-
tion, or limitation, in contradistinction to a negative
prescription. The distinction between them is that the
former acts upon and extinguishes the right, the latter
only affects the remedy. Positive prescription has the
effect of putting a final end to all further litigation or
controversy, and is a means of acquiring a positive
right to property, after the lapse of such period as the
law has fixed upon as sufficient for that purpose. But
a statute of limitation in the nature of a negative pre-
scription applies not to the right, but merely to the
remedy. The debt is not extinguished, nor the right de-
stroyed, as in the former case; and hence, upon the
express promise or admission of the debtor, the pay-
ment of the debt may be afterwards enforced. Ang.
on Lim., ch. 1."

In *Hill v. State*, 23 Ark. 604, decided by the supreme
court of that state in 1861, a similar problem was pre-
sented, and, in holding to the view that a similar statute
as we have refers to the presentation and allowing of
claims against the estates of decedents, Chief Justice
English, in a very exhaustive and learned opinion, said:

"The language of the statute is broad and comprehensive. It declares that 'all demands, not exhibited to the executor or administrator, as required by this act, before the end of two years from the granting of letters, shall be forever barred.' Dig., chap. 4, sec. 98. It embraces, as we have above shown, equitable as well as legal demands. Claims due to corporations, to artificial as well as natural persons, are expressly included. (Sec. 104.) No exceptions are made in favor of married women, infants, persons insane, imprisoned, or beyond seas. (1 Eng. R. 14.) The demands of all, alike, are forever barred, as against the executor or administrator, if not brought forward within the time limited by the act. The general statute of limitations applies to the remedy only, and the debt, after it is barred, may be revived by a new promise, part payment, etc., but the statute of non-claim applies to the right, and when the claim is barred by it, it is forever barred. No promise of the executor or administrator, made in any form, can revive the claim. It is not within their power to allow a demand after the expiration of the two years. The policy of the statute forbids it. The statute need not be pleaded, but the executor or administrator may insist on the bar, at any time before final judgment. 14 Ark. 240.

"Upon the death of a person, his entire estate (subject to dower and specific liens, etc. 14 Ark. 246; 18 Ib. 414; 22 Ib. 535), becomes assets in the hands of his executor or administrator, first, for the payment of all demands brought forward, in the manner prescribed by the statute, within two years from the grant of letters, and then the remainder, if any, to be turned over to the legatees or distributees; . . .

"Looking at all of the provisions of the statute together, and considering the policy manifestly contemplated by it, we think the conclusion is unavoidable, that demands due the state, or in which she is interested, as in this case, are, by clear and necessary implication, embraced by the statute, and, like other demands, barred if not brought forward within the period of limitation fixed by the act."

In *State ex rel. Slinkard v. Edwards,* 11 Ind. App. 226, 38 N. E. 544, decided by the court of appeals of that state in 1894, holding to this view of the law, Judge Reinhard, speaking for the court, said:

"It has been repeatedly held, under this statute, that, if the claim be not filed at least 30 days before the filing of the final report, it is barred, and the fact that it was on file before the final report was approved will not save it. *Schrichte v. Stites' Estate,* 127 Ind. 472, 26 N. E. 77, 1009; *Roberts v. Spencer,* 112 Ind. 81, 13 N. E. 127; Id., 112 Ind. 85, 13 N. E. 129. If this were an ordinary claim, therefore, filed and prosecuted on behalf of a natural person or of a corporation, there is no question that no recovery could be had upon it. Does the fact that the state is the claimant change the rule? Section 305, Rev. St. 1894 (Rev. St. 1881, § 304), enacts that 'limitations of actions shall not bar the state of Indiana, except as to sureties.' Granting, without deciding, that the appellee's decedent does not occupy the position of a surety in the judgment, the question arises, does the section of the statute just quoted apply to the limitation provided in section 2465, Rev. St. 1894 (Rev. St. 1881, § 2310)? We are of opinion that it does not. We think it has reference to the ordinary statutes of limitation contained in the sections preceding section 305, Rev. St. 1894 (Rev. St. 1881, § 304), in the chapter of the Code relating to 'Civil Procedure.' It is our opinion that the state is as effectively barred from prosecuting a claim against a decedent's estate, which was not filed at least 30 days before the filing of the final-settlement report, as any other claimant would be barred. If the state may never be barred from filing and presenting a claim against estates of deceased persons, then it may prosecute such claims even after the final report is made and approved, and the administrator or executor is discharged, and it is not and will not be contended that this may be done."

· The following decisions, which we note in chronological order, while not directly in point in all particulars, are in harmony with and lend support to this view of the

law: *In re Mitchell's Estate*, 2 Watts (Penn.)·87,·decided in 1833; *Mahone v. Central Bank of Georgia*, 17 Ga. 111, decided in 1855; *Bradford v. Shine*, 13 Fla. 393, decided in 1870; *United States v. Hailey*, 2 Idaho 26, 3 Pac. 263, decided in 1882.·

We are of the opinion that the trial court correctly ruled that the state had entirely lost its right to establish its claim or sue thereon, because of its failure to present its claim within the time prescribed by Rem. Comp. Stat., § 1477, *supra*, and that, therefore, the judgment must be affirmed. It is so ordered.·

MACKINTOSH, C. J., TOLMAN, and ASKREN, JJ., concur.