BAHR, SUPERINTENDENT *v.* ZAHM ET AL.

[No. 27,614.   Filed December 9, 1941.]

298

*George N. Beamer,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for appellant.

*U. S. Lesh* and *Arthur H. Sapp,* both of Huntington, and *Nippert & Nippert,* of Cincinnati, Ohio, for appellees.

SHAKE, C. J.—In November, 1871, Christian Schneider was committed as an insane person to the Central State Hospital of the State of Indiana, where he remained as an inmate until his death in April, 1928. An administrator of his estate was appointed in May, 1928, and in January, 1933, the administrator filed his final report, which was approved on April 10th of that year. The report showed a balance for distribution of $4,652.78, which was paid on the order of the court to its clerk, who retains the same. In 1939, the appellant filed a petition to reopen said estate and to recover the reasonable value of the care, maintenance and medical treatment rendered the decedent, alleged to be $4.00 per week, from the date of his commitment to said institution, on November 2, 1871, until March 6, 1917, when chapter 72, Acts of 1917, became effective.

The evidence was stipulated and the trial court found for the appellees. The appeal is from the overruling of the appellant's motion for a new trial, in which it was asserted that the decision is contrary to law. The first question presented by the record is this: Was the appellant's action barred by § 6-1001, Burns' 1933, § 3119, Baldwin's 1934, which requires that, with certain exceptions not here involved, claims against decedents' estate shall be barred if not filed at least 30 days before final settlement.

The Attorney General contends that it was not necessary for the appellant to file a claim against the estate, because chapter 72 of the Acts of 1917 made it the

positive duty of the personal representative to reimburse the state for the expense of caring for the decedent. In § 1 of the act at page 176, it is provided:

". . . That when any person who is being supported at public expenses in a hospital for the insane . . . or who has died . when an inmate of any such institution, is found to have an estate in charge of a trustee or guardian, which estate is not needed for the support in whole or in part of the husband, wife, children, parents, grandparents, grandchildren, brothers or sisters of such person, then the amount of expense incurred by the state for the treatment and maintenance of such person shall be a charge against his estate both during his life time and after his death."

We do not construe the act as imposing an unconditional obligation to pay, nor do we think that it was intended that the personal representative should be required to correctly determine the matter of dependency or partial dependency at his peril. It would be more consistent to hold, as we do, that the governmental agency claiming that there was no such dependency should present that issue and assume the burden of establishing it. This conclusion is fortified by § 2 of the act, in which it is provided that:

"The superintendent or executive officer under the direction of the board of trustees of each benevolent institution is authorized to bring suit against the estate of any person as aforesaid failing to make payment as required in this act . . ."

Having determined that it was necessary for the appellant to file a claim, we are next confronted with § 2-613, Burns' 1933, § 72, Baldwin's 1934, which provides that:

"Limitations of actions shall not bar the state of Indiana, except as to sureties."

In *State, ex rel. Slinkard, Prosecuting Attorney* v. *Edwards, Admr.* (1894), 11 Ind. App. 226, 232, 38 N. E. 544, 546, the State recovered a judgment on a recognizance bond. A claim was filed against the estate of the judgment debtor only six days before the filing of the administrator's final report. In holding that the claim came too late, the court took the view that the provision of the civil code relieving the State from the statutes of limitation has reference only to the sections of the act of which it is a part, and said:

> "It is our opinion that the State is as effectively barred from prosecuting a claim against a decedent's estate which was not filed at least thirty days before the filing of the final-settlement report as any other claimant would be barred."

*State* v. *Evans* (1927), 143 Wash. 449, 451, 452, 255 P. 1035, 1036, 53 A. L. R. 564, 566, 567, involved facts very similar to those of the case at bar. Washington has a general statute of limitations, from which the State is exempted, and also a provision in its probate code barring claims against estates not filed within a specified period after publication of a required notice to creditors. The State sought to enforce, on behalf of one of its hospitals for the insane, a claim against an estate for the maintenance of the decedent. The opinion of the court is so well considered and pertinent, that we feel justified in quoting liberally from it:

> "These probate statutory provisions, it seems to us, are of greater potency in the protection of estates of decedents against the delayed action of claiming creditors than are our general statutes of limitation looking to the mere withholding of the remedy of civil action from suitors because of the lapse of the prescribed periods for the commencement of such actions. An important consideration in our present inquiry is that a creditor's

claim against the estate of a deceased person is, in substance, a claim *in rem,* since it is of necessity only a claim against the property left by the deceased. It is not a personal claim against any one, under our system of administering the estates of decedents, by which system all of the property of the decedent, both real and personal, passes into the hands of the executor or administrator for the purpose of paying debts and distribution of the remaining property to heirs or devisees ultimately entitled thereto. Another important consideration is the affirmative nature of the declarations found in the language of our probate code above quoted, that 'if a claim be not filed within the time aforesaid, it shall be barred,' and that 'no holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented as herein provided;' which prerequisites cannot be waived by an executor or administrator, as the protection of a general statute of limitation can generally be waived. Thus, we think there is evidenced a legislative intent to not merely withhold the remedy, but to take away the very right of recovery out of the property left by a decedent, by failure on the part of a claimant to present his claim as our statute provides."

It seems to us that the difference between the statutes here involved is basic. The non-claim statute relates to the exercise of a right, while the statute relieving the State from the operation of statutes of limitation pertains only to remedies. The non-claim statute imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. We do not know of any statute or rule of law that relieves the State of Indiana from the obligation to perform conditions precedent upon which the enforcement of a right of action is made to depend.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 942.