OBERG *v.* D. O. McCOMB & SONS.

[No. 18,836. Filed March 22, 1957.]

*S. K. Frankenstein* and *O. R. Kuhlman,* both of Ft. Wayne, for appellant.

*Leigh L. Hunt, Hunt & Suedhoff* and *Dan C. Flanagan,* all of Ft. Wayne, for appellee.

KELLEY, P. J.—Appellant alleges that while in the employ of appellee he contracted pulmonary tuberculosis. On July 26, 1954 appellant, under the provisions of the Workmen's Occupational Diseases Act, filed application with the Industrial Board for additional compensation upon a claim of total disability. The unchallenged finding of the Board, as shown by appellant's brief, was that appellant's disablement commenced on December 16, 1952. The Board on February 6, 1956 sustained appellee's special answer of want of jurisdiction filed September 16, 1955 and dismissed appellant's application on the ground that it was not filed within one year after date of appellant's disablement, as provided in Acts of 1937, ch. 69, Sec. 25, subdivision (c).

By subdivision (c) of Sec. 2, ch. 195, Acts 1955, (Sec. 40-2225, subdivision (c), Burns' 1952 Replacement), effective March 9, 1955, said 1937 Act was amended and the time within which claims for compensation under the act "shall be filed" was changed from one year to two years after date of disablement.

It is noted that the time for filing a claim under the Occupational Diseases Act was changed by an amend-

ment adopted after appellant's application was filed, and more than one year after appellant's disablement, but while the proceedings on the claim were *in fieri*. The question is whether the amendatory enactment of 1955 had the effect of revitalizing appellant's claim which was filed more than one year from the date of his disablement. Appellant contends that the decisions under the Workmen's Compensation Act are no criteria for determination of the question at hand because the time limitation provided in the Occupational Diseases Act affects only the remedy and not the substantive rights of the party affected. Appellant predicates this contention upon the asserted fact that the Workmen's Compensation Act, Sec. 40-1224, Burns' 1952 Replacement, provides that the "right" to compensation shall be forever barred unless the claim is filed within two years after the occurrence of the accident, whereas said provision of the Occupational Diseases Act is that "no proceedings" for compensation "shall be maintained" unless the claim is filed within the time specified.

It has been held by our court that the limitation of time for filing a claim under the Workmen's Compensation Act is a condition precedent to the right to maintain the action; that it affects the right and not the remedy; and that the burden of proving the claim was filed within the statutory period rests with the claimant. *Railway Express Agency* v. *Harrington* (1949), 119 Ind. App. 593, 88 N. E. 2d 175.

It is also held by our courts that the Workmen's Compensation Act is in the nature of a contract, binding alike upon the employee and employer when accepted by them or legally imposed upon them under certain prescribed conditions. *Carl Hagenbeck and Great Wallace Shows Company* v. *Leppert* (1917), 66 Ind. App. 261, 265, point 2, 266, 267, points 3 and 4, 117 N. E. 531; *Mid-Continent Petroleum Cor-*

*poration* v. *Vicars et al.* (1943), 221 Ind. 387, 393, points 1-5, 47 N. E. 2d 972; *Railway Express Agency* v. *Harrington* (1949), 119 Ind. App. 593, 597, point 3, 88 N. E. 2d 175. As such contract it creates a liability where none existed before and it precludes formerly available defenses, such, for instance, as assumption of risk and contributory negligence. It bears the mark of mutuality by providing a condition which is attached to the right to recover and that condition is that the claim should be filed within the time stipulated. Thus it seems that the time limitation provided in the act has not been regarded as a statute of limitation but as a condition precedent affecting the right of one of the parties to enforcement of the contract. *Railway Express Agency* v. *Harrington, supra.*

Although the Occupational Diseases Act has to do with injuries of a different nature and cause than does the Workmen's Compensation Act, yet it creates liabilities not existent before its passage and precludes defenses formerly available. It, too, we think, is in the nature of a contract between the affected employee and employer. We perceive no reason, insofar as the impending question is concerned, requiring that a different construction be placed upon it than has been accorded the Workmen's Compensation Act.

Unless the claim is filed within the specified time, wherein lies the difference whether the right to compensation is considered barred, as provided in the Workmen's Compensation Act, or that no proceedings shall be maintained upon it, as is provided in the Occupational Diseases Act? The decisive factor is not whether the right to compensation was barred or that proceedings thereon could not be maintained, but, rather, whether the claim for compensation was filed within the prescribed period of time. Neither the Workmen's Compensation Act nor the Occupational

Diseases Act is a broad general legislative act affecting all employees and all employers. It affects only those employees and employers who have voluntarily adopted the same as their general contract or those who, by certain specified acts of omission or commission, have produced a situation resulting in the legal imposition of the contract upon them, *Carl Hagenbeck and Great Wallace Shows Company* v. *Leppert, supra,* p. 266, points 3 and 4. It follows that the Occupational Diseases Act affords a separate and distinct contract, with terms and conditions supplied by the statute, between each employee and his employer. It follows, also, that the application of the various terms of the statutory contract is governed by the particular circumstances arising and existing with reference to the claim of each employee. Thus it appears that appellant's statutory contract with the appellee, at the time appellant suffered his disablement, was that he, appellant, had one year from the date of his disablement within which to file his claim; while the statutory contract of another employee of appellee, whose disablement began on or subsequent to March 9, 1955, gave him two years from the date of his disablement within which to file his claim.

It may be that appellant's contention sounds deep in the technical refinement of the law by advancing the veiled proposal that the use of the word "right" in the Workmen's Compensation statute as being the thing barred carries with it the interpretation of reference to a substantial right vested in and personal to the claimant, while the mere prohibition of the maintenance of "proceedings" in the Occupational Diseases Act alludes only to the matter of the procedure to enforce such right. The implied conclusion of the advanced premise seems to be that the former, of necessity as resulting from the definition of the word itself, lends approval to the announced construction that the time limitation per-

tains to the right and not the remedy; that, therefore, the denial of the maintenance of proceedings, as provided in the Occupational Diseases Act, must pertain to the remedy and, as such, subjects the allotted time to enlargement at the legislative will.

In considering the aforesaid contention, it is contemplated that the "right" referred to in the Workmen's Compensation Act has reference to a "right to compensation" as distinguished from the assertedly violated personal right which gives rise to the right to compensation. Thus, an employee enjoys a personal right of safety in the doing of his work which right, if violated by an accidental injury to him arising out of and in the course of his employment, provides the foundation for the erection of a "right to compensation" for the violation of his said personal right. Now, the right which is barred by the time limitation of the statutory contract of the parties is not the said personal right of the employee but the right to compensation which springs from the violation of the personal right. And the right to compensation is a potential right which must be established by due proof and this involves the facility of the maintenance of an action for making due proof of the right to compensation. So it was held in the *Railway Express Agency* v. *Harrington* case, *supra,* that the time limitation for filing a claim is a condition precedent to the right to "maintain" the action for compensation.

In practical analyzation, therefore, this consideration leads to the conviction that although different words were used, the end result of the limitation provisions of both the Workmen's Compensation Act and the Occupational Diseases Act are the same, namely: that the *right to maintain* an action for compensation is conditioned upon its exercise within the precedent statutory contractual time limitation provi-

sions, and perishes with the failure to properly assert a claim within the time prescribed.

Appellant's disablement commenced December 16, 1952 and the claim therefor was not filed until July 26, 1954. The right of appellant to proceed for a determination of his alleged claim for compensation expired, by the terms of his statutory contract with the appellee, one year from the date of his disablement, which was December 16, 1953. On that date appellant's right to maintain proceedings to prove that he was entitled to compensation ceased to exist. The enactment of March, 1955, we think, did not have the effect of reviving appellant's potential right to compensation which died with his contractual right to exert it.

It is generally and, we think, correctly held that general statutes in limitation of actions are remedial only and do not affect the substantial rights of the parties. Such statutes are not in any way connected with or a part of the contract right sought to be enforced. *Winston* v. *McCormick* (1848), 1 Ind. 56, last paragraph on page 58. The limitation in the Workmen's Compensation and Occupational Diseases Acts, however, form and constitute a part of the contract existing between the employee and employer. The contractual obligation of the employee to file his claim for compensation within the time specified in the contract is as much an essential obligation of the contract as is the obligation of the employer to pay compensation to employees found to have suffered injury as the causally connected result of the conditions of the employment. The contractual time for the filing of the claim is attached to the right to recover.

Prior to the amendment effective March 9, 1955 the rights of the parties under their contract, by force of

circumstances occurring during the life of said contract, had become fixed and matured. The subsequent enlargement of the time within which claims could be filed did not, we think, alter or change the fixed status of the parties. The time for the filing of the claim had expired before the amendatory act became effective. Appellee's liability could not be renewed by the later statute. *McKinney* v. *Springer* (1847), 8 Blkfd. 506.

It must be constantly borne in mind that we are here dealing with the application of an enlargement, by legislative amendment, of the time for the filing of claims under the Occupational Diseases Act. It is not contemplated that what has been said relative to the precise question before us has any reference to or is to be construed as determining upon any case involving the effect of an attempted legislative shortening of such time for filing claims.

The award is affirmed.

NOTE.—Reported in 141 N. E. 2d 135.