OTOLSKI *v.* ESTATE OF NOWICKI.

[No. 19,066. Filed May 11, 1959.]

*Edward V. Minczeski,* of South Bend, for appellant.

*George Sands* and *Frank X. Kopinski,* of South Bend, for appellee.

BIERLY, J.—Appellant, Stella Otolski, an heir of the decedent, Magdalena Nowicki, filed a claim against the estate of said decedent in the Probate Court of St. Joseph County, Indiana. It appears that said claim was not filed within six months after the date of the first published notice to creditors as required by §7-801, Burns' 1953 Replacement. The appellant contends

that the six months limitation was tolled because a copy of the notice of administration, which included notice to the creditors of the decedent, was not served upon her as such heir as provided by §7-107, Burns' 1953 Replacement.

The court found and determined that as appellant's claim was not filed within the six months after the date of the first publication of notice to creditors it was barred, notwithstanding no copy of such notice was served upon her as an heir of said decedent. From the judgment rendered by the court upon such finding appellant undertakes this appeal.

Prior to any consideration of the merits of the appeal it becomes necessary for us to determine whether this court is vested with jurisdiction of this appeal.

It appears from the record that appellant's motion for a new trial was overruled on April 18, 1957, and the judgment was rendered on March 6, 1957. The time for filing a proper assignment of errors expired on July 17, 1957.

On July 10, 1957, a purported assignment of errors was filed with the clerk of this court. The title of said assignment of errors was as follows: "Stella Otolski, Appellant vs. Estate of Magdalena Nowicki, Appellee." The latter was the only appellee designated in the assignment of errors.

A motion to dismiss the appeal was filed on September 18, 1957. Thereafter, on September 19, 1957, the appellant filed her verified motion for leave to amend her assignment of errors by inserting the words: "Estate of Magdalena Nowicki, Alex Nowicki, Executor." It thus appears that said motion to amend the assignment of errors was filed two months and two days after the expiration of the time

within which a proper assignment of errors could be filed. Rule 2-2, Rules of the Supreme Court; *Steel* v. *Yoder* (1915), 58 Ind. App. 633, 108 N. E. 783; *Bingham, Rec.* v. *Newtown Bank* (1917), 63 Ind. App. 606, 609, 610, 114 N. E. 97. An assignment of error cannot after the time for perfecting an appeal has expired be amended by adding a party, even though the omission is due to appellant's excusable neglect. *Makeever* v. *Makeever* (1917), 65 Ind. App. 677, 685, 117 N. E. 691.

Apparently by mistake said motion to amend was granted by this court on September 25, 1957. It has been held that the estate of a decedent cannot be a party to an action without some representative. *Carr* v. *Schneider's Estate* (1943), 114 Ind. App. 149, 150, 51 N. E. 2d 392; *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591.

In the case of *Hayes* v. *Adams* (1943), 221 Ind. 480, 482, 49 N. E. 2d 345, it was declared that when an appellant fails to name, as appellees, all parties to the judgment having an interest adverse to appellant, the appellate tribunal does not acquire jurisdiction over the appeal, and the jurisdictional requirement cannot be waived nor modified by such tribunal.

After the expiration of the time within which the appeal may be taken, this court may not permit an amendment of the assignment of errors by adding the name of the appellee. *Ex Parte Fennig, Ex Parte Whipple* (1940), 216 Ind. 298, 301, 302, points 2 and 3, 23 N. E. 2d 678; *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707.

On the day that the time for the perfection of the appellant's appeal expired, namely, July 17, 1957, there

was no party appellee named in appellant's assignment of errors. As held by the foregoing authorities, this court thereupon acquired no jurisdiction over this appeal. As said time for the perfection of the appeal and the filing of the assignment of errors had expired, and there then existed no jurisdiction in this court, our action in granting appellant's leave to amend her assignment of errors could not foreclose the dismissal of this appeal for lack of jurisdiction. *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 631, 632, points 5-7, 129 N. E. 2d 796. When no jurisdiction exists the appeal may be dismissed by the court upon its own motion without any suggestion from the parties. *Carpenter* v. *Amoss* (1934), 99 Ind. App. 286, 294, points 6, 7, 192 N. E. 168.

The provision of Rule 2-6, Rules of the Supreme Court, that

"Failure properly to name parties will not be treated as jurisdictional."

has no reference to an omission to name a party as appellee in the assignment of errors. *Baugher et al.* v. *Hall, Receiver, etc., supra.* To hold that the right to amend the assignment of errors upon the permission of the court under the rule includes the right to bring in and name a new or additional party appellant or appellee after the expiration of the time provided for the filing of the assignment of errors, could lead only to such confusion and uncertainty that Rule 2-2 and Rule 2-6 would in some cases be rendered meaningless, and the time of attachment of jurisdiction of the Supreme Court or of this court would be placed in doubt.

The question posed by the briefs filed herein involving the interpretation and application of said sections

of the Probate Code is of moment, and, because we are deprived of the opportunity of determining the question, has caused us great concern. In the absence of jurisdiction of this appeal, we are compelled to forego any such determination.

However, we take the liberty of suggesting that in the opinion of the court the controlling question presented by this appeal, other than the proposed question of jurisdiction, is the legal effect of §7-801 (a), Burns' 1953 Replacement. This section provides that claims against an estate shall be barred unless filed within six (6) months after the date of the first published notice to creditors. A statute of this type has been referred to as not being a statute limiting the remedy, or, in other words, a statute of limitation, but as a statute constituting a denial of a right of action and imposing a condition precedent to the enforcement of such right of action. See Henry's Probate Law, Vol. 1, Filing of Claims, §9, page 419, notes 53 and 54; *Bahr, Superintendent* v. *Zahm* (1941), 219 Ind. 297, 301, 302, 37 N. E. 2d 942; *State* v. *Evans* (1927), 143 Wash. 449, 452, 255 Pac. 1035, 1036, 53 A. L. R. 564, 566, 567. As to the legal effect of a failure to file a claim within the precedent time prescribed by statute, see *Oberg* v. *D. O. McComb & Sons* (1957), 127 Ind. App. 278, 284, point 5, 141 N. E. 2d 135.

The appeal is dismissed.

Gonas, P. J., not participating, inasmuch as he was the Judge of the St. Joseph Probate Court when Estate was opened.

NOTE.—Reported in 158 N. E. 2d 296.