LEWIS ET AL. *v.* ESTATE OF SMITH ETC.

[No. 19,060. Filed November 20, 1959. Rehearing denied January 14, 1960. Transfer denied March 1, 1960.]

*Dennis & Dennis,* of Richmond, for appellants.

*Raymond Knoll* and *Harris & Knoll,* of Richmond, for appellee.

GONAS, C. J.—Appellants filed their claim in the estate of Courtland Paul Smith, deceased, slightly more than six months after the date of the first published notice to creditors, and there is involved here the question of whether it is therefore barred.

Sec. 7-801(a), Burns' 1953 Replacement, provides that, with certain exceptions not applicable here, all claims against a decedent's estate shall be forever barred unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors. As stated by Judge Bierly for this court, in *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, 158 N. E. 2d 296:

> "A statute of this type has been referred to as not being a statute limiting the remedy, or, in other words, a statute of limitation, but as a statute constituting a denial of a right of action and imposing a condition precedent to

the enforcement of such right of action. See Henry's Probate Law, Vol. 1, Filing of Claims, §9, page 419, notes 53 and 54; *Bahr, Superintendent* v. *Zahm* (1941), 219 Ind. 297, 301, 302, 37 N. E. 2d 942; *State* v. *Evans* (1927), 143 Wash. 449, 452, 255 P. 1035, 1036, 53 A. L. R. 564, 566, 567. As to the legal effect of a failure to file a claim within the precedent time prescribed by statute, see *Oberg* v. *D. O. McComb & Sons* (1957), 127 Ind. App. 278, point 5, 141 N. E. 2d 135."

The statute prior to the present Probate Code, §6-311, Burns' 1933, provided that the executor or administrator should give notice by publication of his appointment and the proof of such publication was to be filed by the executor or administrator with the proper clerk within thirty (30) days after the publication was complete. Claims were barred, under §6-1001, Burns' 1933, if not filed at least thirty (30) days before final settlement of the estate, the time for filing not being based upon the dates of publication.

Although it is well recognized by the courts of our state that the intent of a statutory enactment can only be determined from the language of the act itself, we may look at the report of the probate code study commission to determine the underlying reasons, purposes and policies of the probate code and which may be used as a guide in its construction and application. The commission cited §6-104, Burns' 1953 Replacement and stated in its report:

"Under the latter section claims could be filed as late as fifteen or more years after publication of notice. This indefinite and uncertain period for filing claims causes confusion and delay in the administration of estates."

In further commenting on the present statute, the commission stated:

"It is believed that under modern conditions six months is ample time to be afforded as a creditor to file a claim. When the six months have passed and no more claims can be filed, the assets of the estate become fixed and known and partial distribution can be made or the estate can be closed. The provisions of this section diligently applied should relieve the courts and legal profession of much of the public criticism to the effect that it takes too long to settle an estate and too much time expires after the death of a decedent before the beneficiaries receive their inheritance."

While the prior statute provided that the *executor or administrator* should give notice by publication of his appointment and should file the proof of publication with the proper clerk within thirty days after the publication was complete, the present statute, §7-107, Burns' 1953 Replacement, provides that upon the issuance of letters *the clerk* shall cause to be published a notice thereof, in which notice there shall be included notice to creditors to file their claims as required by law. It is further provided that a copy of the notice with proof of publication thereof, shall be filed *by the clerk* as a part of the administration of the estate within thirty (30) days after the publication thereof has been made.

Here the notice was published on May 29, 1956, June 5th and June 12th, 1956. Proof of the publication thereof was not filed by the clerk within thirty days after the last publication, but was filed about a week later. Appellants' claim was filed within six months after the filing of the proof of publication, but more than six months after the first published notice to creditors.

It is appellants' argument that the six months' period for filing claims, while it runs from the first publication, does not begin to run until full compliance is had

with §7-107, Burns' 1953 Replacement, including the filing of the proof of publication; that the statute is a unit and all parts thereof are mandatory; that there is no publication such as is required until proof of publication has been duly and properly filed within the time fixed; that the six months' period begins to run only if proof of publication is filed within thirty days, or, if it begins to run at all, it does not do so until such proof is filed.

Each of the parties states, with refreshing frankness, that there are authorities from other states which tend to support the contentions of their opponents. Most of the cases relied upon are discussed in an annotation in 42 A. L. R. 2d 1218. It is noted in the cases relied upon, that in those instances where the terms of the statute are set out, such statutes, like our former statute, place the duty of filing the proof of publication upon the administrator or executor and not the clerk. Many of the cases relied upon by the parties here are analyzed in *Mitchell* v. *Van Pelt* (1954), 58 N. M. 69, 265 P. 2d 679, 42 A. L. R. 2d 1211.

In our opinion, the timely filing by the clerk of the proof of publication does not toll the statute of non-claim, and that such requirement for filing within thirty days is an administrative requirement which is directory only and not mandatory and is not a part of the notice required to be given to creditors; and that the failure to timely file the same does not vitiate the required notice. The statute does not provide that that time for filing claims runs from the date of the filing of the proof of publication, but from the date of the first publication. It is the publication, and not the filing, which is the vital fact to be considered. The publication is the act which marks the beginning of the six months' period during which claims

can be filed. The "proof of publication" is the method of establishing that the publication was made and the date when it was made. It is the evidence of the fact of publication. The notice in this case was properly published and performed its purpose. It is logical to suppose that if the legislature had intended that the time for filing be tolled by a failure to timely file the proof of publication, it would have specifically so provided. Statutes must be interpreted in the light of the purposes with which they deal. To hold otherwise than we do would defeat the express purpose of the statute.

Appellants also contend that the nonclaim statute has, in any case, no application here and that the claim is not barred, regardless of when filed, by reason of the provisions of decedent's will. Item One of the will provides that the executor shall sell the entire estate, real and personal, without order of court. Item Two reads as follows:

"I direct that my Executor shall first pay out of the proceeds of said sale, all my just debts, funeral expenses and costs of administration of my estate."

"Nothing contained in the two preceding sections (§§6-116, 6-117) shall preclude any person from proving in any suit or proceeding that the provisions of this act respecting such notice have been complied with, although no such proof of service may have been filed as herein required."

Appellants also contend that the nonclaim statute has, in any case, no application here and that the claim is not barred, regardless of when filed, by reason of the provisions of decedent's will. Appellant's position is that this provision differs from the customary general standard testamentary direction to pay debts; that the effect was to create the entire estate a trust fund which is charged with the payment of testator's debts and

that it is, in effect, impliedly held in trust for that purpose.

"It is generally, though not universally, held that a general direction in a will for the payment of debts which does not create an express trust does not obviate the necessity on the part of a creditor of presenting, probating, proving, or prosecuting his claim within the period fixed by the Statute of Nonclaim."

Annotation, 65 A. L. R. 861.

We do not regard *Swift* v. *Harley* (1898), 20 Ind. App. 614, 49 N. E. 1069, as establishing a different rule.

Cases from other jurisdictions support the following statement from 65 A. L. R. 861:

"Where the direction in the will is specific as to the debt to be paid or the property wherefrom such payment is to be made, or, of such a nature as to create an express trust, it has been held that there is no necessity for the creditor to present, probate, prove, or prosecute a claim within the time designated by the nonclaim statute."

Here the will is not specific as to any particular debt to be paid and does not designate any particular property from which payment is to be made. As was said in *Boyd* v. *Thomas* (1925), 162 Minn. 63, 202 N. W. 60:

"What is the purpose of the trust for which the contention is made? All of the property involved is subject to the payment of debts. The alleged expressed trust would add nothing. It would not give the creditors any better trust or lien than they had by virtue of law. The decedent could not deprive the creditor of his claim against his property which the law gives him."

We do not regard the will as creating a trust for the payment of just debts, funeral expenses or costs of

administration. Assuming the propriety of creating such a trust (which we do not decide) there should be a clear declaration of the trust for that purpose. *Foster* v. *Featherston* (1935), 230 Ala. 268, 160 So. 689. There is no such declaration here.

Judgment affirmed.

NOTE.—Reported in 162 N. E. 2d 457.