**Eldon ANSON, Appellant-Plaintiff,**

**v.**

**The ESTATE OF Allan M. ANSON, Deceased, Appellee-Defendant.**

**No. 2–677A231.**

Court of Appeals of Indiana, Fourth District.

Jan. 22, 1980.

Gary J. Rickner, Barrett, Barrett & McNagny, Fort Wayne, for appellant-plaintiff.

David L. Brewer, Palmer, Bowers & Brewer, Huntington, for appellee-defendant.

CHIPMAN, Judge.

This appeal is from a judgment dismissing Eldon Anson's claim against the estate of Allan Anson for failure to timely file pursuant to *Ind. Code* 29–1–14–1.

Allan Anson, a resident of Indiana, died testate on August 25, 1975. His will was admitted to probate in the Huntington Circuit Court on September 19, 1975, at which time the estate was opened and Opal Anson, the widow of the deceased, was appointed and qualified as executrix. Allan's will left one-half of the estate to Opal, and the remaining one-half was devised to a residuary trust with the net income therefrom to be paid to Opal for the term of her life, with discretion invested in the trustee to distribute the corpus if necessary. Upon the death of Opal, each of Allan's five children would receive one-fifth of the residuary trust, except for Eldon Anson, who would receive one dollar in cash, with the remainder of the one-fifth share going to the deceased's ten grandchildren.

Notice to creditors was first published on September 23, 1975. A copy of this notice was mailed by the clerk of the court to the heirs listed in the Petition to Probate Will and Issuance of Letters. However, the specific names and addresses of the residuary trust legatees and devisees were not listed in the petition. On March 19, 1976, the Executrix filed an amended petition for probate, which included the names and addresses of the residuary trust legatees in compliance with *Ind. Code* 29–1–7–5(b). Copies of the notice published on September 23, 1975, were mailed to all residuary trust legatees and devisees, including Eldon, on March 19, 1976.

Eldon filed a claim as creditor against the estate on July 26, 1976, approximately ten months after notice to creditors was first

published. The trial court dismissed the claim as untimely filed pursuant to *Ind. Code* 29–1–14–1.[1]

Subsection (a) of *Ind. Code* 29–1–14–1 reads as follows:

Limitations on filing claims—Statutes of limitation—Claims barred when no administration commenced—Liens not affected—Tort claims against estate.—(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered with six [6] months after the date of the first published notice to creditors.

Eldon cites us to *Ind. Code* 29–1–7–7, which, in pertinent part, reads:

Notice of appointment of personal representative—Creditors to file claims—Form of notice.—As soon as letters testamentary or of administration, general or special, have been issued, the clerk shall cause to be published a notice thereof, in which notice there shall be included notice to creditors of the decedent to file their claims as required by law.

Said notice shall be published in a newspaper of general circulation printed in the English language and published in the county where said court is located, once each week for three [3] consecutive weeks, and a copy of said notice, with proof of publication thereof, shall be filed by the clerk as a part of the administration of said estate within thirty [30] days after the publication thereof has been made. A copy of such notice shall also be served by ordinary mail on each heir, devisee and legatee whose name and address is set forth in the petition for probate or letters. The personal representative shall furnish sufficient copies of such notice, prepared for mailing, and the clerk shall mail the same concurrently with the publication of notice.

Eldon contends his claim should not be barred by *Ind. Code* 29–1–14–1 since he did not receive notice of publication required by *Ind. Code* 29–1–7–7 to be mailed to all heirs, legatees and devisees listed in the petition for probate.

Eldon must rest his argument on one of two theories:

(1) the estate should be estoppel on equitable grounds from disallowing his claim since, as a legatee, he detrimentally relied upon receiving personal notice by mail as is provided for under *Ind. Code* 29–1–7–7;

(2) the running of *Ind. Code* 29–1–14–1, which purports to commence with publication of notice to creditors, in fact does not commence until strict compliance with the notice requirements under *Ind. Code* 29–1–7–7 is met.

■ As to the first theory, it is well-established that *Ind. Code* 29–1–14–1 is a non-claim statute, not a statute of limitations. As stated in *Donella v. Crady*, (1962) 135 Ind.App. 60, 185 N.E.2d 623, 624:

[The statute is] '. . . not a statute of limitations, but a denial of right of action. . . . It imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. The court is without power to extend the time.'

.    .    .    .    .

1. Eldon proceeds under the assumption that the nonclaim statute commenced running on March 19, 1976, the date the amended petition for probate was filed. Since Acts 1975, Public Law 288, which amends I.C. 29–1–14–1 by reducing the time allowed for bringing a claim to five months, became effective on January 1, 1976, Eldon's assertion that the five-month limitation applies would be consistent with his position on appeal. However, our disposition of the issues herein establishes the date of commencement of the statute's running to be September 23, 1975. Thus, the six-month period under prior law is applicable.

The foregoing type of statute is commonly known as a nonclaim statute. It grants to every person having a claim of any kind or character against a decedent's estate, the right to file the same in the court having jurisdiction thereof and have the same adjudicated, provided such claim is filed within the time specified in the statute. Unless such claim is filed within the time so allowed by the statute, it is forever barred. The time element is a built-in condition of the said statute and is of the essence of the right of action. Unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created. *See also Russell v. Moore*, (1960) 130 Ind. App. 351, 164 N.E.2d 670.

■ As a legatee entitled to mailed notice of publication, Eldon argues he detrimentally relied upon his right to receive such notice to the extent that he failed to take that amount of care normally expected of creditors in surveilling newspapers for publication of such notices. This argument is merely a plea that creditors who are also heirs, legatees or devisees be afforded special treatment. We do not subscribe to this view, nor could we since *Ind. Code* 29–1–14–1 is clear in its mandate. As stated in *Donella v. Crady, supra*, at 625:

The rule of waiver or estoppel has no application to a nonclaim statute. As pointed out above, the time element in a nonclaim statute is a part of the right of action itself and is not a defense. Such statutes are not extended by the disability, fraud or misconduct of the parties. The time to act cannot be waived by the parties or lengthened by the court. Unless the claim is filed or the action thereon brought within the time prescribed by said statute, any right of action then existing becomes unenforceable and the claim or action is forever barred.

Thus, Eldon must rest his case on the proposition that strict compliance with the notice requirements under *Ind. Code* 29–1–7–7 is a requisite, in addition to the publication of notice to creditors, for the commencement of the running of *Ind. Code* 29–1–14–1.

■ This argument, however, was effectively eliminated in *Lewis v. Smith's Estate*, (1959) 130 Ind.App. 390, 162 N.E.2d 457. There, appellant had filed his claim against the estate more than six months after first published notice to creditors. Appellant nevertheless argued that the non-claim statute did not run until there was compliance with the statutory requirement of *Ind. Code* 29–1–7–7 that proof of publication be filed by the clerk of the court within thirty days. The court, in holding that such requirement was not a prerequisite to the commencement of the running of the non-claim statute, stated:

It is the publication, and not the filing, which is the vital fact to be considered. The publication is the act which marks the beginning of the six months' period during which claims can be filed. The "proof of publication" is the method of establishing that the publication was made and the date when it was made. It is the evidence of the fact of publication. The notice in this case was properly published and performed its purpose. It is logical to suppose that if the legislature had intended that the time for filing be tolled by a failure to timely file the proof of publication, it would have specifically so provided. Statutes must be interpreted in the light of the purposes with which they deal. To hold otherwise than we do would defeat the express purpose of the statute.

162 N.E.2d at 460.

The quoted language in *Lewis* is revealing in two respects. First, it correctly notes that the legislature, had it contemplated prerequisites other than publication of notice for initiating the running of *Ind. Code* 29–1–14–1, would have specifically so provided. Secondly, the court in *Lewis* stated "[s]tatutes must be interpreted in light of the purposes with which they deal." 162 N.E.2d at 460. *Ind. Code* 29–1–7–7 and *Ind. Code* 29–1–14–1 serve essentially two distinct purposes. *Ind. Code* 29–1–7–7 deals with the form and type of notice

required for all interested parties.[2] *Ind. Code* 29–1–14–1, in contrast, serves to effectuate a public policy desirous of creating a definite and certain period of time within which the assets of the estate will become fixed and administration promptly proceeded with. *See Probate Study Commission Comments* subsequent to *Ind. Code* 29–1–14–1.

The determination of when the non-claim statute begins to run has no necessarily-compelling interrelationship with publication of notice to creditors other than the legislature chose that act as the point of commencement. Had the legislature so desired, the statute could have been designed to run upon the appointment of the personal representative, *see Lubas v. McCusker*, (1965) 153 Conn. 250, 216 A.2d 289; *Estate of Tomko v. Hamblin*, (1956) 3 Ohio Op.2d 374, 146 N.E.2d 761, when letters of administration are granted, *see Estate of Caldwell*, (1975) 33 Ill.App.3d 175, 337. N.E.2d 245, or upon the death of the decedent, *see Gantz v. Bondurant*, (1945) 159 Kan. 389, 155 P.2d 450; *see generally* Atkinson on Wills, § 127, p. 691 (1953). Further, in some states where the non-claim statute ran from a point other than publication of notice, it has been held that publication of notice is not even necessary for the non-claim statute to operate. *See Hurst v. Hamelm*, (1941) 153 Kan. 827, 113 P.2d 1045; *In re Baeza's Estate*, (1937) 41 N.M. 708, 73 P.2d 1351.

In *Otolski v. Estate of Nowicki*, (1959) 129 Ind.App. 492, 158 N.E.2d 296, no notice was mailed to an heir who filed a claim more than six months after the date of first publication of notice to creditors. Although the case was decided on jurisdictional grounds, in dicta the court indicated that had it been presented with the substantive issue it would have affirmed the dismissal of the claim.

However, we take the liberty of suggesting that in the opinion of the court the controlling question presented by this appeal, other than the proposed question of jurisdiction, is the legal effect of § 7–801(a), Burns' 1953 Replacement. This section provides that claims against an estate shall be barred unless filed within six (6) months after the date of the first published notice to creditors. A statute of this type has been referred to as not being a statute limiting the remedy or, in other words, a statute of limitation, but as a statute constituting a denial of a right of action and imposing a condition precedent to the enforcement of such right of action. See Henry's Probate Law, Vol. 1, Filing of Claims, § 9, page 419, notes 53 and 54; *Bahr v. Zahm*, 1941, 219 Ind. 297, 301, 302, 47 [sic] 37 N.E.2d 942; *State v. Evans*, 1927, 143 Wash. 449, 452, 255 P. 1035, 1036, 53 A.L.R. 564, 566, 567. As to the legal effect of a failure to file a claim within the precedent time prescribed by statute, *see Oberg v. D.O. McComb & Sons*, 1957, 127 Ind.App. 278, 284, point 5, 141 N.E.2d 135.

158 N.E.2d at 298.

Finally, the failure of the Executrix to specifically list Eldon as a legatee in the original petition for probate, which was remedied by the amended petition, presents no grounds for reversal. *Wilkinson v. Ritzmann* (1st Dist. 1973) 158 Ind.App. 186, 301 N.E.2d 847. The court in *Wilkinson* also established that the filing of an amended petition to correct such error does not extend the time for filing a claim.

Eldon filed his claim as a creditor of the estate more than six months after the

---

**2.** Eldon cites three non-Indiana cases for his position that strict compliance with *Ind. Code* 29–1–7–7 is a prerequisite to the running of *Ind. Code* 29–1–14–1. *See Oberlack v. Trusas*, (1944) 67 Cal.App.2d 238, 153 P.2d 775; *Bankston v. First National Bank & Trust Co. of Vicksburg*, (1936) 177 Miss. 719, 171 So. 18; *Roche Valley Land Co. v. Barth*, (1923) 67 Mt. 353, 215 P. 654. However, the statutes dealt with in these cases pertain solely to the notice

required for creditors. *Ind. Code* 29–1–7–7 is distinguishable in that it deals with notice requirements for creditors *and* for heirs, devisees and legatees. To allow a creditor to avoid bringing a timely claim merely because notice requirements for an heir, legatee or devisee were not complied with would be not only illogical but inconsistent with the purpose and policy underlying *Ind. Code* 29–1–14–1.

first publication of notice to creditors. The court therefore properly dismissed his claim as barred by the non-claims statute.

Affirmed.

MILLER, P. J., and YOUNG, J., concur.