JEROME LICHTENBERG, ET AL. *v.* HAZELTON A. JOYCE, ET AL.

[No. 27, October Term, 1944.]

690

*Decided November 17, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, CAPPER, and HENDERSON, JJ.

*Linwood L. Clark,* with whom was *Marvin I. Anderson* on the brief, for the appellant.

*William J. McWilliams* and *A. Walter Kraus, Jr.,* with whom were *Miles & O'Brien* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

This suit was brought in the Circuit Court for Anne Arundel County, on March 3, 1943. The plaintiff is the receiver of the Eastern Mutual Casualty Co., and the defendants, who are the appellants here, are policy holders of that Company, upon whom an assessment of once the amount of the annual premiums called for by their policies had been made. The suit was to collect the assessments on four policies. Appellants filed a general issue plea, and a general plea of limitation, and subsequently, by leave of Court, an additional plea setting up the provisions of the Act of 1941, Chapter 296, codified as Section 155A of Article 48A of the 1943 Supplement to Flack's Annotated Code. This section provides that no action shall be brought against the policy holder of a domestic or foreign mutual insurance company for the purpose of enforcing an assessment more than one year after the termination of said policy, unless such policy holder shall have been notified of such assessment within one year after the termination of his policy. A demurrer was filed to this additional plea, but on January 5, 1944, by leave of Court, plaintiff filed an amended declaration. The original declaration alleged that an assessment against the policy holders had been ratified by order of

the Circuit Court of Baltimore City, on March 4, 1940. The amended declaration set out that the Circuit Court of Baltimore City, on the fourth day of March, 1940, passed an order making an assessment upon each policy holder and further set out that this order had been reviewed by this Court and held to be valid. The reference is to the case of *Joyce v. Abrams,* 178 Md. 535, 16 A. 2d 296, in which it was held that directors could not validly make an assessment against members after the affairs of the company were in receivership, but that the chancellor who had assumed jurisdiction over the corporation, possessed that power. The result of that case was that the order of March 4, 1940, was reinstated as an action of the chancellor making the assessment, instead of an action of the chancellor ratifying the directors' assessment.

The appellants filed four pleas to the amended declaration. The first was the general issue; the second, the ordinary three-year plea of limitations; the third, that the cause of action did not accrue within three years prior to the date of the filing of the amended declaration; and the fourth, that defendants were not notified of the assessments made against them within one year after the termination of their policies. Demurrers were filed to pleas 3 and 4 and were sustained by the lower Court. This action of the Court we are asked to review.

The case proceeded to trial and resulted in issues being submitted to the jury, and answered by them on January 13, 1944. Subsequently, on January 20, 1944, judgment was entered in favor of the appellee against the appellants for $576.05 with interest and costs of suit. This amount was admittedly arrived at by the Court by taking the total of the annual premiums on three of the policies sued on, and adding interest at six per cent. Claim on the fourth policy was abandoned during the trial. Appellants objected to the action of the Court in entering this judgment, and filed a motion in arrest thereof. The ground of the motion was that they had asked for a trial by jury, and the action of the Court in entering judg-

ment after the jury responded to issues which did not include fixing any amount was a denial of that right. This motion was overruled both because it came too late under the rules of the Court, and because the Court found no merit in it. Numerous exceptions apparently were taken during the course of the trial to rulings on evidence and to prayers, and to the issues submitted to the jury by the Court. These are embodied in the bill of exceptions, which is objected to by the appellee because it was filed after the term at which the verdict was given, and there was no extension by the Court within such term of the time of signing such bill of exceptions. A motion to dismiss was filed based upon this ground. In this complicated state of affairs, it becomes advisable for us, first, to examine the record to see what is before us on this appeal.

The Court below certified that the case was tried on January 13, 1944, during the October term, 1943, and the jury's verdict was rendered on that day; that the October term, 1943, was finally adjourned on Monday, January 17, 1944; that the 29th Rule of the Circuit Court for Anne Arundel County provides that in every case, unless otherwise expressly allowed by the Court, the bill of exceptions shall be prepared and submitted to the Court during the term at which such exceptions are taken; that on February 26, 1944, counsel for the defendants (appellants here) requested him to sign an order extending the time for signing the bill of exceptions, which he refused to sign; that the bill of exceptions were not presented to him until April 4, 1944, and that he signed it on April 13, 1944, "over the protest of the plaintiff's counsel". The harshness of the application of the rule of the Circuit Court for Anne Arundel County is exemplified in this case by the fact that only four days elapsed from the date of the verdict to the adjournment of the term. Nevertheless, the rule is one under which the Court operated, and the decisions of this Court are clear that if the time is not extended within the original time limited, the Court has no power to sign

the bill of exceptions after the original time, and that a bill of exceptions so signed cannot be considered by this Court. *Nicholson v. Walters*, 153 Md. 16, 137 A. 357. It is true that such bills of exception may be signed if the parties consent, and such consent may be express on inferred. The appellee may be held to have waived his objection or to be estopped from making any. *Pennsylvania R. Co. v. Reeley*, 179 Md. 35, 16 A. 2d 904; *Morgan v. Toot*, 182 Md. 601. 35 A. 2d 641. In the case before us, however, the appellee neither consented nor waived the objection he actually made, and the Court signed the bill of exceptions over his protest. We must, therefore, apply the rule and decline to consider any of the matters raised by the bill of exceptions.

A motion in arrest of judgment, under the 28th rule of the Circuit Court for Anne Arundel County, as certified by the trial Court, must be filed during the term at which the verdict is rendered, and within three days after the day on which the verdict is rendered. The verdict in this case, as already stated, was rendered on January 13, 1944. Motion in arrest was filed on February 14, 1944. This motion, therefore, came to late and the Court below was correct in overruling it on this ground.

However, the question raised involves one of our own rules, which gives the right of appeal, and the decision of the lower Court is before us, not on the ruling on the motion in arrest but on direct appeal.

The contention is that the Court submitted issues under Rule 7 of Part Three, Section III, of the General Rules of Practice and Procedure of this Court, 1941, that such issues did not constitute a complete trial by jury, as elected by the defendants, and that the entry of the judgment by the Court, where the docket entries show no verdict for a specific sum, did not constitute a final and effective judgment. Rule 7 provides for the submission of written questions. If, in such questions, the Court omits any issue of fact raised by the pleas, or by the evidence, each party waives his right to a trial by jury of the issue so omitted, unless before the jury retires,

he demands its submission to the jury. "As to an issue omitted without such demand, the Court may make a finding; or if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict. Upon the return of the special verdict of the jury the Court shall direct the entry of the appropriate judgment in accordance with this rule". It appears from the certificate of the trial Court that appellants did not request any issues on the amount of the annual premiums, or on the allowance of interest thereon, to be submitted to the jury. Therefore, under the rule the Court had authority to enter a judgment after the special findings of the jury had been received. The judgment is reviewable in the same way as a judgment in a case tried before a Court without a jury, under Rule 9, subsection (c), according to the specific direction of Rule 7, subsection (b). Therefore it is correctly before us on this appeal.

There was no dispute as to the amount of the premiums. Where there is a contract or obligation for the payment of a definite sum of money, the measure of damages is the amount of money promised to be paid with legal interest, and the allowance of interest is a matter of legal right. *Poe's Pleading*, Tiffany's Edition, par. 584C, and cases cited. The Court, in allowing interest, did not exceed its discretion, under the circumstances, and its action in entering the judgment, as it did, does not constitute error. The judgment, therefore, should be affirmed if this is the only objection to it.

The remaining questions before us are the right of the trial Court to permit an amended declaration to be filed, and its ruling on the demurrer to the appellants' third and fourth pleas to this declaration. The right of amendment at law is contained in Flack's Annotated Code, 1939, Volume 2, Art. 75, Sec. 39. It is there provided that in all suits at law, any of the proceedings may be amended so that such case may be tried on its real merits, and the purposes of justice subserved. Under this section, the plaintiff may amend his declaration at

any time before the jury retires, and the allowance of an amendment, provided it is within the power of the trial Court, is not subject to appeal. It is stated in *Poe's Practice,* Tiffany's Edition, Chapter XI, Sec. 185, that the general rule is that returns of summons and all subsequent proceedings may be amended, and even that cases may, by amendment, be changed from one form of action to another. In Section 190 it is said, "* * * it appears to be more or less settled that from the action of the lower Court in granting an amendment in cases within their power or in refusing to grant it, no appeal will lie. Such action is held to be within the discretion of the Court and not subject to review". See cases cited under this section and *Frisch v. Baltimore,* 156 Md. 310, 144 A. 478, and *Noellert v. Noellert,* 169 Md. 559, 182 A. 427. The contention of the appellants is that the amended declaration is laid on a new cause of action, because the first declaration was upon an assessment made by the directors and ratified by the Court, whereas, the second declaration is based upon an assessment made by the Court. But the difficulty with this contention is that the case of *Joyce v. Abrams,* supra, held that the order of March 4, 1940, while not good as a ratification, was good as an original assessment. The original declaration in this case, and the amended declaration, both declare on this order, and therefore the amendment does not substitute a new and different cause of action. We think it was within the power of the lower Court to allow this amendment, and that no appeal lies from the exercise of the Court's discretion with respect to it.

The demurrer to the third plea was properly sustained because it alleges that the cause of action did not accrue within three years prior to the date of the filing of the amended declaration. The period of limitation must elapse prior to the date of the filing of the suit, unless the cause of action is changed. (*Zier v. Chesapeake R. Co.,* 98 Md. 35, pages 40, 41, 56 A. 385.) The cause of action here is the same.

The fourth plea brings up a construction of Chapter 296 of the Acts of 1941, Code Supp. 1943, Art. 48A,

Sec. 155A. This section was construed in the case of *Kelch v. Keehn*, 183 Md. 141, 36 A. 2d 544. In that case a plea was filed by the policy holder, to the effect that he was not notified of any assessment within one year after the termination date of his policy, and the suit was not filed until more than a year after June 1, 1941, when the Chapter 296 took effect. The policies terminated in 1935 and 1936. The question in that case, raised by the policy holder's plea, was whether the action begun on March 19, 1943, was barred by limitations, by reason of the Act of 1941. This Court said that, except for Chapter 296, the period of limitation applicable would be three years from the date of the assessment. This Court further said that in the case before it, the notice provisions in Chapter 296 could not apply, as notification of the assessment within one year after the termination of the policies was impossible on June 1, 1941, the effective date of the statute. As the notice could not be given, the case did not come within the exception, but there was ample time from June 1, 1941, until June 1, 1942, to bring the action. As the action was not brought within one year, the plea set up a complete defense. In the case at bar, the assessment was made on the 4th day of March, 1940. One policy sued on is alleged to have been received and accepted on January 3, 1939, which would make its termination date January 3, 1940. Another was accepted on September 6, 1939, which would makes its termination date October 2, 1939. The third was accepted October 2, 1938, and its termination date would be October 2, 1939. It was therefore impossible for the appellants to be notified of the assessment on two of these policies after June 1, 1941, and within one year after their termination. If they had not been notified as provided by the Act then suits had to be brought within one year after June 1, 1941 (*Kelch v. Keehn*, supra). The suit was not brought until March 3, 1943. As to two of the policies, therefore, the suit was not brought in time, and as to the third one, it was not brought in time, unless the appellants were

notified prior to September 5, 1941, of the assessment on it. The appellants, therefore, have a complete bar by way of limitations to two of these policies, and a possible bar to the third, depending on the facts.

Appellants' fourth plea is not as full as the similar plea in the case of *Kelch v. Keehn,* supra. In the case before us, the plea recites that the defendants were not notified of the assessments within one year after the termination of the policies, but it does not further set out the suit was not filed within a year after June 1, 1941, when Chapter 296 of that year took effect. Pleas of limitation are not favored in the law and must be strictly construed. They cannot be amended, Code 1939, Art. 75, Sec. 47. They must be filed in the manner and at the times provided by rules of Court, and they must contain sufficient information to act as a bar to the action, if the facts alleged are proved. The omission from the plea in this case, of the allegation that the suit was not filed within one year after June 1, 1941, is not, however, fatal. That fact is one which is before the Court from the docket entries and from its own records. The pleaders had a right to assume that the Court could look at the record in the case before it, and see whether the case had been brought within the time limited by the act, if notice of the assessment had not been given. All that was necessary for the pleaders to do, therefore, was to state in their plea the facts which did not appear from the record and which they would have to prove to sustain their plea. Pleas of limitations do not deny the right of action, but only the exercise of that right within the time provided by law. For that reason Courts have been strict in their construction. Nevertheless, these pleas are based upon a sound legal principle which is that after the specified lapse of time the Legislature feels that the difficulty of making a defense is so enhanced that a defendant ought not to be required to answer. If the defendants show by their plea, coupled with the indisputable fact of the date of the filing of the suit in which the plea is entered, that the suit is too late, it would not promote the ends of jus-

tice to say that the plea is bad, because one fact which is to be found in the record is left out of the plea. We do not so say. We think the plea is good, and that the demurrer to it should have been overruled.

The purpose of pleading was stated by this Court in the case of *Gott v. State,* 44 Md. 319, at page 336, in the following words: "Substance is to be considered the purpose of pleading—whilst the forms prescribed by the Code, or any other of like character, to suit the facts of the case, may be used; the Courts must have regard to the substance of the pleading—facts only are to be stated, not arguments, inferences, or matter of law or evidence, or of which the Court will take notice, *ex officio.*" This case has been approved with special reference to pleas of limitations in the cases of *Wallace v. Schaub,* 81 Md. 594, page 597, 32 A. 324, and *Brooks v. Preston,* 106 Md. 693, at page 704, 68 A. 294.

Had the demurrer been overruled, the plea would have offered an absolute defense to two of the policies, because, as we have said, and as was said in the case of *Kelch v. Keehn,* it was impossible for notification of the assessment on these policies to have been made within one year after their termination on the effective date of the statute, that one-year period having expired prior thereto. As to the other policy, it is possible that notice was given, in which case the time for prosecuting the suit would have been within three years after the date of the assessment. If such notice was given after June 1, 1941, and before September 5, 1941, the suit was brought within time. The question whether or not notice was given as to this policy is, therefore, a matter of fact for the jury. While the judgment must be reversed, the plaintiff is entitled to a new trial, in order to have an opportunity to contest the allegations of the plea as to this policy.

*Judgment reversed and new trial awarded with costs to the appellants.*