GOLDBERG AND KANE, Garnishees of Harry L.
Duvall *v.* HOWARD COUNTY WELFARE
BOARD

[No. 196, September Term, 1970.]

*Decided January 8, 1971.*

The cause was argued before HAMMOND, C. J., and MC-
WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Bernard F. Goldberg,* with whom was *Orrin J. Brown,
III,* on the brief, for appellants.

*Robert F. Fischer,* with whom was *J. Thomas Nissel* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

In this appeal we are called upon to decide the question of whether the statute of limitations applied to the Department of Social Services in a suit to recover assistance benefits advanced by the Department to a recipient.

The appellee, the Howard County Welfare Board, now the Department of Social Services (Agency), on January 29, 1969, brought suit against Bernard F. Goldberg and Raymond J. Kane, Jr., garnishees of Harry L. Duvall, appellants, to recover $12,835.83 for public assistance paid to Harry L. Duvall and his wife from January, 1951 to December 1, 1965. The claim for $3,521.74, representing the assistance given Mrs. Duvall, was not allowed by the circuit court and no appeal was taken from that ruling; however, from the judgment of the court in favor of the Agency and against the appellants in the amount of $9,314.09 for assistance rendered to Mr. Duvall, this appeal has been taken.

A representative of the Agency testified that it began rendering assistance to Mrs. Duvall on August 15, 1938. At that time she was known as Lillabel Felty. Thereafter, Lillabel married Mr. Duvall on December 27, 1938. At the time Lillabel filed her original application with the Agency she stated in it that she owned a tract of land in Howard County. Sometime during January 1951, the Agency began rendering assistance to Mr. Duvall and continued to do so until December 1, 1965, giving him assistance in the total amount of $9,314.09. On May 20, 1965, Lillabel died and as a result of her death, estate proceedings were filed in the Orphans' Court for Howard County. Until the time of his wife's death Mr. Duvall had no assets; however, upon her death he became vested with title to the land in Howard County (apparently by virtue of her will, although the record is not clear on this point).

Upon learning that Mr. Duvall was apparently in the

care of his sister and that he was contemplating a sale of the Howard County property, the agency discontinued assistance on December 1, 1965. On June 6, 1966, Mr. Duvall sold the property to Messrs. Ruta and Riccuiti who simultaneously executed a deed of trust secured by the subject property to Bernard F. Goldberg and Raymond J. Kane, Jr., as trustees for Harry L. Duvall in the amount of $40,188. On January 29, 1969, the Agency filed the present suit for recovery of the funds advanced pursuant to the authority given it by Maryland Code (1969 Repl. Vol.) Art. 88A, § 76. The appellants, as garnishees for Duvall, raise the defense of the statute of limitations. Code (1968 Repl. Vol.) Art. 57, § 1.

The rationale of the appellants' defense is that the money advanced by the Agency represents a debt due and owed by the recipient, *Waxter v. Mindel,* 200 Md. 367, 378, 89 A. 2d 599 (1952), and that the defense of limitations may be set up as a bar to the Agency's action for recoupment with the same validity as was the non-claim statute in *Donnally v. Montgomery County Welfare Board,* 200 Md. 534, 92 A. 2d 354 (1952), annotated in 34 A.L.R.2d 996. Additionally, they argued that any immunity with which the State may be endowed because of sovereignty was waived when it allowed the local agency to institute suit for recovery.

Macgill, J., tried the case without a jury and held the suit was not subject to the bar of the statute of limitations and rendered judgment for the Agency. We are of the opinion that the judgment should be affirmed.

The appellants would ascribe far too broad a meaning to the opinion of this Court in *Donnally, supra,* than either the law or the facts of that case warrant. There, the defense raised by the defendant was based on a non-claim statute which required that action on claims against a decedent's estate be brought against the administrator or executor within nine months after rejection of the claim. Code (Flack, 1939 ed.) Art. 93, § 112. Judge Henderson (later Chief Judge) writing for the Court, stated:

"We have repeatedly held that Sections 114 and 115, Article 93, Code of 1951 [formerly Section 112 of Article 93] create a statutory bar, as distinguished from a mere period of limitations which may be waived. *Frank v. Wareheim, supra*, 177 Md. 50, 7 A. 2d 189, and cases cited. Hence, it extinguishes the right to sue and not merely the remedy. *Lichtenberg v. Joyce*, 183 Md. 689, 699, 39 A. 2d 789. It would seem the burden is upon the plaintiff to show compliance, rather than the defendant to set up the statute as a defense. Cf. *Mann v. Redmon*, 27 N. D. 346, 145 N. W. 1031." 200 Md. at 540-541.

* * *

"The appellee contends, however, that the State can assert its right through the county board on the ground that the Board is exercising governmental powers of the State, and invokes the general rule that Statutes of Limitation do not run against the State unless the statutes expressly so provide. If we assume, without deciding, that the recapture of funds paid for welfare purposes is a governmental function, and that the general rule is correctly stated, it nevertheless appears that an exception has been recognized in many states in the case of non-claim statutes. The case of *Division of Aid for the Aged v. Wargo*, Ohio App., 73 N.E.2d 701, is precisely in point. It was there held that since the purpose of the non-claim statute was to facilitate the settlement of estates, it could only attain its object if it were held to be all inclusive and apply to all claims. The same purpose is implicit in the Maryland statute. *Davis v. Winter*, 172 Md. 341, 348, 191 A. 902. In *Bahr v. Zahm*, 219 Ind. 297, 37 N.E.2d 942, the court said: 'It seems to us that the difference between the statutes here involved is basic. The non-claim statute relates to the exercise of a right,

while the statute relieving the State from the operation of statutes of limitation pertains only to remedies. The non-claim statute imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. We do not know of any statute or rule of law that relieves the State of Indiana from the obligation to perform conditions precedent upon which the enforcement of a right of action is made to depend.' To the same effect see *State v. Evans,* 143 Wash. 449, 255 P. 1035, 53 A.L.R. 564; *Rhodes v. State,* 196 Wash. 618, 83 P. 2d 896; *In re Peers' Estate,* 234 Iowa 403, 12 N.W.-2d 894, and *People v. Osgood,* 104 Cal. App. 133, 285 P. 753. See also *In re Bird's Estate,* 410 Ill. 390, 102 N.E.2d 329, recognizing the distinction between a non-claim statute and a statute of limitations as applied to a State." 200 Md. at 542-543.

The defense in the case at bar being predicated, as it is, on the bar of limitations and the distinction between the defense of limitations and that based on a non-claim statute being quite apparent, it is obvious that *Donnally, supra,* cannot control the instant case.

There remains then the question of whether the fact that the action was brought by the local agency rather than the State alters in any way the immunity which might otherwise have been claimed by the State. In the case at bar we are not troubled with the question of whether the governmental agency's immunity rests on the principle of sovereignty in its pristine form or the "trust fund theory," as frequently arises in cases involving tort wherein the State or a governmental agency is the defendant (see *Duncan v. Koustenis,* 260 Md. 98, 271 A. 2d 547 (1970) and *Weisner v. Board of Education,* 237 Md. 391, 206 A. 2d 560 (1965)), as here the Agency is the plaintiff and is seeking recoupment of funds. In the

instant case the sovereignty aspect is to be viewed in relation to the Agency's performance of a governmental function. This latter point was stressed by Judge Macgill in the opinion of the lower court wherein he states:

"Limitations are relied on as a bar to the claim for recovery of assistance furnished Mr. Duvall. * * * This court is of the opinion that limitations is not a bar to recovery by the plaintiff [Agency]. Although there appears to be no case in Maryland precisely on the point, * * * [see] 53 C.J.S. 'Limitations of Actions' Sec. 17c, [which states] that 'The claim or suit of a municipal corporation or poor district for reimbursement for maintenance of an indigent or insane person is not subject to the bar of the statute of limitations.'

"In *In Re Erny's Estate*, 337 Pa. 542, 12 A. 2d 333, it is stated that 'While ordinarily the immunity of the sovereign from the operation of the limitation statutes against it does not extend to municipalities, the contrary is true, unless otherwise provided, where the right sought to be enforced by the municipality, as here, is a right accruing to it in the exercise of a strictly governmental function.

* * * That the maintenance and treatment of indigent, infirm and mentally defective persons is a strictly governmental function cannot be questioned * * * Thus, the right to enforce the statutorily imposed obligation to maintain or repay is undoubtedly a right accruing to the municipality in its governmental capacity and is for this additional reason not subject to the bar of the statute of limitations.' See, also: *Fitzhugh v. District of Columbia*, 109 F. 2d 837; *Hart v. Commissioners of the District of Columbia*, 155 F. 2d 877, and *Hinshaw v. Department of Welfare* (Colorado), 403 P. 2d 206."

We should not leave this point without a word concerning *Gloyd v. Talbott,* 221 Md. 179, 156 A. 2d 665 (1959), a case not cited by either counsel or the lower court. In that case taxpayers of Gaithersburg brought a derivative suit against the town officials for a declaratory decree regarding a resolution calling for the payment of compensation to the Mayor and Council of the Town from the Town treasury, which resolution the taxpayers claimed to be *ultra vires.* The questions of limitations and laches were raised by the defendants and the chancellor held that neither would bar recovery in the case, because, although the statute of limitations was applicable, yet it did not start to run until the council discovered its mistake and rescinded the offending resolution. On appeal this Court speaking through Judge Henderson (later Chief Judge), who also wrote the opinion in *Donnally, supra,* said:

> "The real question posed here, as we see it, is not whether the statute was tolled by mistake on anyone's part, but whether in a derivative suit to recover an illegal diversion of public funds, the defenses of limitations or laches are applicable at all. In *Donnally v. Welfare Board, supra,* we held that in a suit by the Board on implied assumpsit to recover moneys paid as old age assistance, from the administratrix of the recipient, the action was barred by the nonclaim statute. There is a split of authority on the point in other states. See note 34 A.L.R.2d 1003. But that case is not in point here, and we have found no Maryland case precisely in point. It seems to be generally recognized that Statutes of Limitations are applicable to municipal corporations as well as private individuals. See 34 Am. Jur., Limitation of Actions, § 397, and note 113 A.L.R. 376. We see no reason why limitations should not apply to the derivative suit in the instant case and we hold that they do. Cf.

18 McQuillin, *Municipal Corporations,* § 52.40 (3rd Ed., 1950). * * *." 221 Md. at 186.

We have no intention in this opinion of reviewing all possible contingencies which may arise wherein limitations may or may not validly be interposed as a defense in a suit brought by a governmental agency or municipality. It suffices to say that we do not read *Talbott, supra,* as qualifying the rule that when the action brought by a governmental agency or political subdivision or municipality has arisen out of its exercise of a strictly governmental function, such as rendering assistance to the aged, infirm, indigent and mentally incompetent, that the defense of limitations will not prevail against it. See 53 C.J.S., *Limitation of Actions,* § 17c.

It is a matter beyond cavil that the public assistance rendered by the Agency to Mr. Duvall, in the instant case, was a public function in the truest sense of that concept. We think the following quotations from 51 Am.Jur.2d, *Limitation of Actions,* § 412, firms up our thinking regarding the unavailability of limitations as a defense against the Agency in this case:

"§ 412. *Distinction between private or proprietary rights, and public or governmental rights.*

"A distinction has been made in many jurisdictions, with respect to the application of the statute of limitations in actions by political subdivisions, between actions based upon "private" or "proprietary" rights and those based upon "public" or "governmental" rights. Where this distinction is recognized, the inquiry is whether the state, or its agency or subdivision, is asserting public rights on behalf of all the people of the state or merely private rights on behalf of a limited group.

"The statute of limitations will bar the governmental unit where it is asserting a private or proprietary right, but will not apply where the

right being asserted is public or governmental in nature. In other words, the governmental plaintiff, in seeking to enforce a contract right or some right belonging to it in a proprietary sense, may be defeated by the statute of limitations, but as to rights belonging to the public and pertaining purely to governmental affairs, and in respect of which the political subdivision represents the public at large or the state, the exemption in favor of sovereignty applies, and the statute of limitations does not operate as a bar."

*Judgment affirmed, appellants to pay costs.*