## RICH ET UX. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 345, September Term, 1971.]

*Decided May 19, 1972.*

The cause was argued before HAMMOND,* C. J., and

---

* *Reporter's Note:* Hammond, C. J., participated in the hearing

BARNES, FINAN,** SINGLEY and SMITH, JJ.

*Hugh J. Monaghan, II*, with whom were *Monaghan & Main* on the brief, for appellants.

*Clayton A. Dietrich, Chief Assistant Solicitor*, and *A. Douglas Owens, Special Assistant Solicitor*, with whom was *George L. Russell, Jr., City Solicitor*, on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

Appellants, Edward L. Rich, Jr., *et ux.*, complain because a Baltimore City judge sustained a demurrer to their declaration, without leave to amend, on the ground that they had failed to give the written notice required by what is now Code (1972 Repl. Vol.) Art. 57, § 18. His ruling was correct.

The incident in question occurred on June 14, 1968. The declaration was filed June 10, 1971, claiming that the City of Baltimore had "negligently and carelessly constructed and maintained [Roland Avenue] at or near the intersection of Wyndhurst Avenue." At the time suit was filed § 18 provided in pertinent part:

> "(a) (1) No action shall be maintained and no claim shall be allowed against any municipal corporation or against any of the counties enumerated in this subsection for unliquidated damages for any injury or damage to person or property unless within the times specified in this section after the injury or damage was sustained, written notice thereof setting forth the time, place and cause of the alleged damage, loss, injury or death shall be presented either

of the case and in the conference in regard to its decision and in the adoption of the opinion, but he had retired from the Court prior to its filing.

** Finan, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion by the Court.

in person or by registered mail by the claimant, his agent or attorney * * * to the county commissioners * * * or the city solicitor of Baltimore City, as the case may be. * * *

"(2) * * *

"(b) * * *

"(c) * * * In Baltimore City notification of intention to make a claim must be presented within 180 days."

As we said in *Cotham and Maldonado v. Board*, 260 Md. 556, 565, 273 A. 2d 115 (1971), this particular section of the statute has been amended numerous times since its original passage in 1943.[1] Some of its early history is to be found in *Neuenschwander v. Wash. San. Com.*, 187 Md. 67, 80, 48 A. 2d 593 (1946), where Judge Delaplaine commented for the Court that in this act's trip through the General Assembly the provisions making it applicable to Baltimore City had been stricken, although words requiring notice to "the City Solicitor of Baltimore City" remained in the statute. Chapter 347 of the Acts of 1970 stated in its title that § 18 (c) of Art. 57 was repealed and reenacted "to specifically include Baltimore City among those subdivisions" where notice was required, stating that "there [had] been considerable confusion as to whether Baltimore City [was then] included among the subdivisions designated in Section 18 (c) of Article 57." The statute as we have quoted it reflects that amendment.

---

1. The General Assembly at its current session apparently took the invitation we extended in *Cotham and Maldonado* to clarify the provisions of this statute. We there said that the variations existing across the State "might be charitably characterized as 'mildly confusing.'" House Bill No. 502 currently awaits the action of the Governor. It sets up a uniform time for notice of unliquidated claims ("180 days after the injury or damage was sustained"). The bill proposes that it be applicable to claims "against any municipal corporation or against any county or Baltimore City for unliquidated damages for any injury or damage to person or property." Section 2 provides that its provisions "shall be construed only prospectively and shall not be applied or interpreted to have any effect upon or application to any event or happening occurring prior to the effective date of [that] act."

Appellants in their brief and argument have not addressed themselves to the applicability of the 1970 amendment to this incident, except for a contention that the act is not applicable in Baltimore City because Baltimore City is not mentioned in the listing in § 18 (a) (2) of counties in which the act is applicable. We find this contention to be without merit in the light of the clear language of Chapter 347. They have concerned themselves primarily with whether the statute as it existed on June 14, 1968, the date of the accident, was applicable to Baltimore City. As we see it, if the 1970 act is applicable to this case, we are not obliged to determine whether § 18 was applicable to Baltimore City before the effective date of that act.

The question of the applicability of a notice statute to incidents occurring prior to the enactment of the statute upon which suit was filed subsequent to the enactment does not appear to have previously been considered by this Court. A decided split of authority on the subject appears to exist in the relatively few instances without the State of Maryland where the matter appears to have been considered, so little help can be derived from such sources. *See, e.g.* Annot., 14 A.L.R. 710 (1921) ; 63 C.J.S. *Municipal Corporations* § 923, p. 346 (1950) ; *Bailey v. Baldwin City,* 119 Kan. 605, 240 P. 852 (1925) ; and *Norton v. City of Pomona,* 5 Cal. 2d 54, 53 P. 2d 952 (1935).

In *Neuenschwander v. Wash. San. Com.,* 187 Md. 67, the Court said:

> "While this Act requiring that a notice be presented to the municipal officials actually creates a condition precedent to the right to maintain an action for damages, nevertheless it is germane to, and has the effect of, a statute of limitations. *Bernreither v. City of New York,* 123 App. Div. 291, 107 N.Y.S. 1006, affirmed 196 N. Y. 506, 89 N. E. 1096; 4 Dillon, Municipal Corporations, 5th Ed., 2816." *Id.* at 78.

Bearing that comment in mind, we find persuasive *Ire-*

*land v. Shipley,* 165 Md. 90, 166 A. 593 (1933) ; *Kelch v. Keehn,* 183 Md. 140, 36 A. 2d 544 (1944) ; *Lichtenberg v. Joyce,* 183 Md. 689, 39 A. 2d 789 (1944) ; and *Beechwood Coal Co. v. Lucas,* 215 Md. 248, 137 A. 2d 680 (1958). In the latter case Chief Judge Brune said for the Court, citing *Ireland* and *Kelch:*

"[W]here the effect of the new statute is not to impair existing substantive rights but only to alter the procedural machinery involved in the enforcement of those rights, such legislation is usually construed as operating on all proceedings instituted after its passage, whether the right accrued before or after that date." *Id.* at 254.

In *Ireland* a final settlement of temporary total disability was made on January 24, 1925, under an award of the State Industrial Accident Commission made on August 27, 1924. On May 26, 1932, seven years later, an application was made to reopen the case. Chapter 342 of the Acts of 1931 provided that there might be no modification or change of a final award unless application were made to the Commission within one year following the final award of compensation. In an opinion by Judge Offutt our predecessors said:

"But while statutes of limitation are incidental to procedure, unless a contrary intent is clearly manifested, the general rule is that such statutes will not be construed as operating retroactively, so as to bar the enforcement of rights existing at the time they were passed, but prospectively, so that the period prescribed will as to such rights begin to run at the time when the statute takes effect. *Thomas v. Higgs,* 68 W. Va. 152, 69 S. E. 654; *Manning v. Carruthers,* 83 Md. 8, 34 A. 254; 37 C. J. *'Limitations of Actions,'* sec. 10; *Garrison v. Hill,* 81 Md. 551, 32 A. 191; *Baumeister v. Silver,* 98 Md. 418, 56 A.

825; *Frey v. Kirk,* 4 G. & J. 509; *Sohn v. Waterson,* 17 Wall. 596, 21 L. Ed. 737." *Id.* at 99.

The Court then held the right existing at the time the act became effective must be asserted within one year thereafter, pointing out that since all persons whose rights accrued prior to the passage of the 1931 act were accorded the same privilege of asserting them as was given to persons whose rights might have accrued or might accrue after that act, the holders of such rights were not injured.

*Kelch* and *Lichtenberg* both involved the applicability of Chapter 296 of the Acts of 1941 which provided that no action might be brought against a member or policyholder of a domestic or foreign mutual insurance company for the purpose of enforcing an assessment more than one year after the termination of the policy, unless the member or policyholder sought to be charged had been notified of such assessment within one year after the termination of the policy.

In *Kelch* the policies terminated in 1935 and 1936. Orders confirming the assessment by the receiver were dated July 1, 1940, and January 23, 1941. Chief Judge Marbury summarized *Kelch* in *Lichtenberg* where he said:

"In that case a plea was filed by the policy holder, to the effect that he was not notified of any assessment within one year after the termination date of his policy, and the suit was not filed until more than a year after June 1, 1941, when Chapter 296 took effect. * * * The question in that case, raised by the policy holder's plea, was whether the action begun on March 19, 1943, was barred by limitations, by reason of the Act of 1941. This Court said that, except for Chapter 296, the period of limitation applicable would be three years from the date of the assessment. This Court further said that in the case before it, the notice provisions in

Chapter 296 could not apply, as notification of the assessment within one year after the termination of the policies was impossible on June 1, 1941, the effective date of the statute. As the notice could not be given, the case did not come within the exception, but there was ample time from June 1, 1941, until June 1, 1942, to bring the action. As the action was not brought within one year, the plea set up a complete defense." *Id.* at 698.

In *Lichtenberg* a similar question was presented and the Court said, (183 Md. at 698), "If they had not been notified as provided by the Act then suits had to be brought within one year after June 1, 1941 (*Kelch v. Keehn,* supra)."

Under the rationale of those cases, Chapter 347 of the Acts of 1970 was applicable to this proceeding. Therefore, the claim of the appellants must fall by virtue of their failure to give the notice required by § 18 within 180 days of July 1, 1970, the effective date of that act. Accordingly, we are not obliged to decide whether § 18 as it existed prior to that act's effective date applied to claims against Baltimore City.

*Judgment affirmed; appellants to pay the costs.*