WASHINGTON SUBURBAN SANITARY COMMISSION
*v.* PRIDE HOMES, INC. ET AL.

[No. 379, September Term, 1980.]

*Decided December 15, 1980.*

The cause was argued before GILBERT, C. J., and MOORE and LOWE, JJ.

*Roger C. Duncan* for appellant.

*James P. Salmon,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellees.

LOWE, J., delivered the opinion of the Court.

In 1968 appellee Pride Homes, Inc. conveyed a right-of-way to appellant Washington Suburban Sanitary Commission (WSSC) for the installation and maintenance of a sewer line, and in 1969 appellant installed the line. Some six years later, on February 5, 1975, appellant first returned to the site to repair damage to the line. At that time, appellant discovered that an excessive amount of soil had been placed over the line, thereby impeding its repair efforts. A trespass and nuisance suit filed in the Circuit Court for Prince George's County ended by summary judgment entered in favor of appellees on the ground that the suit was barred by the statute of limitations.

Appellant's single contention on appeal is that the trial judge erred because the statute of limitations does not run against an agency of the State of Maryland. We emphasize that appellant's contention is a narrow one, not addressing any peripheral questions of limitations applicability, such as when its cause of action accrued (*See, e.g., Poffenberger v. Risser,* 46 Md. App. 600 (1980), and *Moy v. Bell,* 46 Md. App. 364 (1980)), or whether the service provided by appellant was proprietary or governmental (*See, e.g., Goldberg v. Howard Co. Welfare Bd.,* 260 Md. 351 (1970), and *Loan Corporation v. Baltimore,* 175 Md. 676 (1939)). We will respond as narrowly as the issue was posed.

Appellant relies solely upon two cases. The first, *Central Collection Unit v. Atlantic Container Line,* 277 Md. 626, 628 (1976), espouses the principle of law relied upon:

"that limitations may not be asserted against the state when, in its sovereign capacity, it sues in its own courts."

The second, *Katz v. Washington Suburban Sanitary Commission,* 284 Md. 503, 509 (1979), is relied upon because it held that the WSSC is a "State Agency," apparently reasoning that because it has some of the attributes of its sovereign (*e.g.,* the power of eminent domain and the power to create an employee merit system, *Id.* at 509), it has them all.

But appellant chooses to ignore the blatant distinction in the very title of a case which it cites as *Central Collection Unit v. Atlantic Container Line.* The appellant as properly designated in that case was Central Collection Unit, *State of Maryland.* There, it was the sovereign suing, and its unit was appended as descriptive, rather than prerequisite. Here, the WSSC may not sue in the name of the State because it is neither sovereign nor issue of the sovereign. It is a hybrid body corporate conceived as a result of a ménage à trois and derived primarily from the legislative loins of Montgomery and Prince George's Counties. *See* Montgomery County, Md., Code ch. 86 (1972, 1977 Repl. Vol.) and Prince George's County, Md., Code App. I (1975 ed.). *See, also,* Washington Suburban Sanitary District (WSSD) Code (1970). It was not until 1971 that it was given the imprimatur of sovereign legitimacy when the WSSC Code was legalized by the General Assembly in 1971 Md. Laws, Ch. 115.

In *Neuenschwander v. Washington Suburban Sanitary Commission,* 187 Md. 67 (1946), the Court of Appeals toiled with the task of auspicating for the State that which the State had had thrust upon it but was not yet quite able to adopt as its own. Noting that it was a "public corporation" deriving its powers from the public local laws of the State's progeny (the counties involved), the Court reasoned that the WSSC was a "municipal corporation," as were the counties from whence it came. *Id.* at 74-76.

In light of that, it would seem that the *Central Collection Unit* case relied on by appellant should have supplied it with

the answer to the single question it poses. As the Court pointed out, its discourse in that case was necessary to distinguish a previous holding which clearly established the law applicable to the case at bar.

> "We have considered this matter at some length, in order to distinguish *Goldberg v. Howard County Welfare Bd.,* 260 Md. 351, 272 A. 2d 397 (1971), upon which Atlantic relies. There, the Welfare Board brought suit in 1969 to recover some $9,314.09 in public assistance paid Harry L. Duvall between 1951 and 1969, and Messrs. Goldberg and Kane, trustees for Mr. Duvall, raised the defense of limitations. In *Goldberg,* we held that limitations were not a bar in an action in which a political subdivision was exercising a governmental function. It seems to us that Atlantic can derive small comfort from this. The distinction between the public, or governmental function, and the private, or proprietary right, which may be crucial in a suit brought by a political subdivision, has no more applicability in a suit brought by the State, in its capacity as sovereign, than it does in cases involving the assertion of adverse possession against the State." *Central Collection Unit, supra* at 630.

Appellant, however, cannot fit itself into the *Central Collection Unit* category. Time stands still only for the sovereign, *i.e.,* "in a suit brought by the State, in its capacity as sovereign." The WSSC is a far cry from being "the State, in its capacity as sovereign."

Even if this were not so, we could not conceive that when the General Assembly enacted its local laws creating the WSSC from the counties involved, it intended to grant it the right to sue without subjecting it to the same defenses available to all litigants. By the very nature of our limitations statute, which was created as a condition precedent to suit, *Donnally v. Welfare Board,* 200 Md. 534, 539 (1962), generally applicable to all litigants, the Legislature

obviously intended to subject corporate litigants thereafter created as well. If statutory time conditions did not run against such public corporations, court rules with similar time constraints could also be ignored with impunity.

We conclude by responding briefly to an oral Parthian dart shot by appellant at argument when retreating from an attack by its judicial inquisitors. It suggests that *Katz, supra,* by finding the WSSC to be a State agency, reversed the holding of *Neuenschwander* that the WSSC was a municipal corporation. It is apparent after having read these cases that each was considering entirely different purposes. *Katz* was addressing whether the WSSC was immune *from* suit.[1] *Neuenschwander* was analyzing the WSSC's right *to* sue, which is precisely the subject of the instant case. Notably the Court of Appeals never mentioned *Neuenschwander* in *Katz,* and we are quite certain that if the Court of Appeals chooses to reverse itself, it will do so clearly.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*

---

1. This issue also arose in *Prince George's County, Maryland, et al. v. Herschel Blumberg, et al.,* 288 Md. 275 (1980). But the Court of Appeals ultimately did not determine whether the WSSC enjoys sovereign immunity from suits, finding instead that the suit against the WSSC in that case had been barred by plaintiffs' below failure to exhaust their administrative remedies.