959 A.2d 84

Brandon Justin JACKSON

v.

STATE of Maryland.

No. 147, Sept. Term, 2006.

Court of Special Appeals of Maryland.

Oct. 29, 2008.

Julia Doyle Bernhardt (Nancy S. Forster, Public Defender, on brief), for Appellant.

Steven L. Holcomb (Douglas F. Gansler, Atty. Gen., on brief), for Appellee.

Panel: SALMON, RAYMOND G. THIEME, JR., (Retired, Specially Assigned), JOSEPH F., MURPHY, JR.,* JJ.

MURPHY, J.

On July 10, 2008, this Court filed an unreported opinion that vacated the sentence imposed for appellant's conviction of conspiracy to distribute cocaine, and otherwise affirmed appellant's convictions of several violations of Maryland's Controlled Dangerous Substances Act. The argument panel in the case at bar included the Honorable Theodore G. Bloom, who participated in the hearing of the case and in the conference in regard to its decision, but who died prior to the adoption of the opinion. The opinion filed on July 10, 2008 was therefore

---

* Joseph F. Murphy, Jr., Judge of the Court of Appeals, participated in the hearing and conference of this case while an active member of this Court; he participated in the adoption of this opinion as a specially assigned member of this Court.

a "two judge majority decision," authored by Judge Joseph F. Murphy, Jr. and filed with the express approval of Judge Raymond G. Thieme, Jr.

Appellant has filed a Motion to Recall Mandate and Motion for Reconsideration in which he argues that the opinion this Court filed on July 10, 2008 does not constitute a "valid" decision because it was filed after Judge Bloom's death. According to appellant, under the authority of *Wildwood Med. Ctr., L.L.C. v. Montgomery County*, 405 Md. 489, 954 A.2d 457 (2008), he is entitled to reargument before a "new" or a "reconstituted" panel of this Court. Chief Judge Krauser has designated a reconstituted panel to decide these motions, which are hereby denied on the ground that *Wildwood* is applicable only to cases in which one member of the panel has passed away and the two remaining panel members disagree as to the decision.

The case at bar is similar to the case of *Blum v. Blum*, 59 Md.App. 584, 477 A.2d 289 (1984). The panel constituted to hear that case included the Honorable Thomas Hunter Lowe, who died on June 13, 1984. The unanimous opinion filed by the Honorable Rosalyn B. Bell, which was filed on July 12, 1984, included the following statements:

Argued before MOYLAN, LOWE* AND BELL, JJ.

* Judge Lowe participated in the hearing of the case and the conference thereon, but died before the opinion was filed.

In the case at bar, (1) every judge on the argument panel agreed that appellant's convictions should be affirmed, and (2) Judges Murphy and Thieme constituted a *quorum* of the panel on the day that the opinion was filed. We therefore conclude that the opinion filed on July 10, 2008 was neither "invalid" nor a "nullity." This conclusion is supported by legislative history and Court of Appeals precedent.

### Legislative History

In *Department of Human Resources v. Howard*, 397 Md. 353, 918 A.2d 441 (2007), the Court of Appeals stated:

[Cts. & Jud. Proc., § 1–403(b),] [t]he statute governing the hearing of cases in three-judge panels was amended in 1983 to remove the requirement that the Court of Special Appeals *decide* cases by a panel of three judges. Chapter 6 of the Acts of 1983. This amendment allows the court the flexibility to hear cases in three-judge panels and still render a two judge majority decision in the event that one member of the panel is unable to participate in the decision-making phase of the case.

*Id.* at 361 n. 13, 918 A.2d 441 (emphasis in original). The following legislative history confirms that the statute was amended for that purpose.

The Honorable John P. Moore of the Court of Special Appeals died on December 23, 1982. On the date of Judge Moore's death, Section 1–403(b) of the Courts & Judicial Proceedings Article provided that "[a] case before the Court of Special Appeals shall be heard and decided by a panel of not less than three judges. . . . A quorum of a panel consists of one less than the number of judges designated to sit on the panel, but never less than three judges. The concurrence of a majority of a panel is necessary for the decision of a case." This statute was amended when House Bill 1511 was enacted by Chapter 6, Acts of 1983. It is clear from the legislative history that this "emergency" legislation was enacted to avoid the necessity for reargument of cases presented to argument panels that included Judge Moore.[1]

---

1. Even prior to the 1983 amendment to CJ 1–403(b), opinions were filed in cases in which Judge Moore had participated. A reported opinion filed on January 6, 1983, *Wanex v. Provident State Bank of Preston,* 53 Md.App. 409, 454 A.2d 381 (1983), includes the following *"Reporter's Note:* Moore, J., participated in the hearing of this case and the decision thereon but died before the opinion was filed." *Id.* at 410, 454 A.2d 381. A reported opinion filed on February 2, 1983, *Anderson v. Sheffield,* 53 Md.App. 583, 455 A.2d 63 (1983), includes the following *"Reporters' Note:* Moore, J., participated in the hearing and initial conferencing of this case but died before the opinion was filed." *Id.* These opinions may have been filed because they had been delivered to the Clerk before Judge Moore died. Prior to *Wildwood Medical,* this Court considered the date on which the opinion was delivered to the

The purpose clause of House Bill 1511 (sponsored by Delegate Joseph Owens, Chair of the House Judiciary Committee), which was introduced on February 25, 1983,[2] stated:

FOR the purpose of eliminating the requirement that a case before the Court of Special Appeals be decided by a panel of not less than 3 judges; altering the definition of a quorum of panel in a certain subsection; providing that this Act applies to all cases in the Court of Special Appeals in which the mandate has not been issued as of the effective date of this Act; and providing this Act is an emergency measure.

House Bill 1511 contained the following three sections:

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

Article—Courts and Judicial Proceedings 1–403.

(b) A case before the Court of Special Appeals shall be heard [and decided] by a panel of not less than three judges. The panels shall be constituted, sit at the times, and hear the cases as directed by the Chief Judge from time to time. A quorum of a panel consists of one less than the number of judges designated to sit on the panel[, but never less than three judges]. The concurrence of a majority of a panel is necessary for the decision of a case.

SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall apply to all cases in the Court of Special Appeals in which the mandate has not been issued as of the effective date of this Act.

SECTION 3. AND BE IT FURTHER ENACTED, That this Act is hereby declared to be an emergency measure and necessary for the immediate preservation of the public health and safety and having been passed by a

---

Clerk to be "the final act in the decision rendering process." *State v. Dowdell,* 55 Md.App. 512, 515, 464 A.2d 1089 (1983).

**2.** An identical measure, Senate Bill 817 (sponsored by Thomas V. Mike Miller, Jr., Chair of the Senate Judicial Proceedings Committee) was introduced in the Senate.

yes and nay vote supported by three-fifths of all the members elected to each of the two Houses of the General Assembly, the same shall take effect from the date of its passage.

The SUMMARY OF COMMITTEE REPORT prepared for the Senate Judicial Proceedings Committee by the Department of Legislative Reference included the following information:

*SUMMARY OF BILL:*

This bill amends the existing law by repealing the requirement that a case before the Court of Special Appeals must be decided by the full panel of three judges which heard the case.

The bill leaves intact the provision that a majority of the panel which hears the case must concur in its decision.

The bill is an emergency measure.

*BACKGROUND:*

The law presently provides that cases must be heard and decided by a panel of 3 judges. In light of the recent death of a member of the Court, numerous cases will have to be reheard to get a decision by 3 judges unless this bill is passed.

LEGISLATIVE INTENT:

The intent of the bill is to provide for the decision of cases heard by a full panel of the Court of Special Appeals in the event of the removal, death, or disability of a judge on a panel.

In a letter dated March 22, 1983, Attorney General Stephen H. Sachs advised Governor Harry Hughes that he had examined House Bill 1511 and approved it "for constitutionality and legal sufficiency." On March 25, 1983, Governor Hughes signed House Bill 1511, which took effect immediately.

## Court of Appeals' Precedent

As a result of a 1960 amendment to Art. IV, § 14 of the Constitution of Maryland, the Court of Appeals "shall be

composed of seven judges[.]" This section includes the following provisions:

> Five of the judges shall constitute a quorum, and five judges shall sit in each case unless the Court shall direct that an additional judge or judges sit for any case. The concurrence of a majority of those sitting shall be sufficient for the decision of any cause, and an equal division of those sitting in a case has the effect of affirming the decision appealed from if there is no application for reargument as hereinafter provided. In any case where there is an equal division or a three to two division of the Court, a reargument before the full Court of seven judges shall be granted to the losing party upon application as a matter of right.

Prior to the *Wildwood* decision, the quorum requirement appears to have been satisfied if there was a quorum as of the date on which the opinion was adopted—even if the quorum requirement was not satisfied on the date that the opinion was actually filed. Volume 265 of the MARYLAND REPORTS includes two cases that were filed at a point in time when only three of the five judges who heard argument remained on the Court: (1) *Rich v. City of Baltimore*, 265 Md. 647, 290 A.2d 777 (1972), "*Decided May 19, 1972*," and (2) *Klingensmith v. David H. Snell Landscape*, 265 Md. 654, 291 A.2d 56 (1972), "*Decided May 19, 1972*." The following statements appear in each of these cases:

> The cause was argued before HAMMOND, C.J., and BARNES, FINAN, * * SINGLEY and SMITH, JJ.
>
> SMITH, J., delivered the opinion of the Court.

> * * Finan, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion by the Court.

*Rich*, 265 Md. at 647, 290 A.2d 777; *Klingensmith*, 265 Md. at 655, 291 A.2d 56. It appears that the quorum requirement

was satisfied in these two cases on the ground that Chief Judge Hammond participated "in the adoption of the opinion" and Judge Finan "participated in the hearing . . . and conference," because in 1972 Maryland law did not authorize the "recall" of a retired judge.[3] Under the "bright line" rule announced in *Wildwood*, the quorum requirement must now be satisfied as of the date on which the opinion is "filed finally," and an opinion filed by a deceased judge is a nullity if the two remaining members of the argument panel disagree as to the decision. *Wildwood, supra*, 405 Md. at 495, 954 A.2d 457.

Although neither *Wildwood* nor the case at bar *directly* presents the issue of whether an opinion authored by a deceased judge is a nullity if it is a unanimous opinion approved by the other two judges on the argument panel, on at least six occasions the Court of Appeals filed opinions authored by judges who died before the opinions were filed. After the Honorable Thomas B. Finan died on May 6, 1972, three opinions that he authored were filed in Volume 265 of the MARYLAND REPORTS: (1) *Comptroller v. Campanella*, 265 Md. 478, 290 A.2d 475 (1972), "*Decided May 12, 1972*," (2) *Borders v. Bd. of Educ. of Prince George's County*, 265 Md. 488, 290 A.2d 510 (1972), "*Decided May 15, 1972*," and (3) *James v. Thurn*, 265 Md. 501, 290 A.2d 490 (1972), "*Decided May 15, 1972*." The following statements appear in each of these cases:

FINAN, J., ▮ delivered the opinion of the Court.

*Campanella*, 265 Md. at 479, 290 A.2d 475; *Borders*, 265 Md. at 489, 290 A.2d 510; *James*, 265 Md. at 501, 290 A.2d 490.

After the Honorable William J. O'Donnell died on April 2, 1976, three opinions that he authored were filed in Volume 277

---

3. On November 2, 1976, the voters ratified the addition of § 3A to Art. IV of the Maryland Constitution. Section 1–302 of the Courts and Judicial Proceedings Article took effect on July 1, 1977.

of the MARYLAND REPORTS: (1) *Dept. of Natural Res. v. France*, 277 Md. 432, 357 A.2d 78 (1976), "*Decided April 13, 1976*," (2) *Menish v. Polinger Company*, 277 Md. 553, 356 A.2d 233 (1976), "*Decided April 27, 1976*," and (3) *Dillon v. State*, 277 Md. 571, 357 A.2d 360 (1976), "*Decided May 4, 1976*." The following statements appear in each of these cases:

■ O'DONNELL, J., delivered the opinion of the Court.

*France*, 277 Md. at 433, 357 A.2d 78; *Menish*, 277 Md. at 555, 356 A.2d 233; *Dillon*, 277 Md. at 572, 357 A.2d 360.

In *Dillon*, Chief Judge Murphy, Judge Singley and Judge Digges joined Judge O'Donnell's majority opinion, which affirmed the petitioner's conviction. Judge Levine filed a dissenting opinion in which Judge Eldridge concurred.[4] Judge Smith filed a concurring and dissenting opinion, concurring in the result on the ground that the trial court's erroneous jury instruction was harmless beyond a reasonable doubt. Under these circumstances, even though Judge O'Donnell had passed away before his opinion was filed, (1) the quorum requirement was satisfied as of the date that the opinion was filed, and (2) because there was a "four to two division of the Court," the petitioner was not entitled to a reargument as a matter of right.[5]

### Conclusion

■ From our review of the relevant legislative history and Court of Appeals' precedent, we conclude that—regardless of which member of the panel authored the opinion that is filed after one member of the argument panel has passed away—

---

4. Judge Levine's dissenting opinion addresses only the jury instruction at issue in the case, and makes no mention of the fact that the majority opinion was filed over one month after Judge O'Donnell's death.

5. To date, *Dillon* has been cited by the Court of Appeals in twenty-two opinions, none of which refers to Judge O'Donnell's opinion as a plurality opinion rather than a majority opinion.

*Wildwood* is applicable only to cases in which the two remaining panel members disagree as to the decision. In the case at bar, because Judges Murphy and Thieme (1) constituted a quorum of the argument panel as of the date that the opinion was filed, and (2) both agreed that appellant's convictions should be affirmed, this Court's July 10, 2008 opinion was neither invalid nor a nullity. For these reasons, appellant's Motion to Recall Mandate and Motion for Reconsideration are hereby denied.

APPELLANT'S MOTION TO RECALL MANDATE DENIED; APPELLANT'S MOTION FOR RECONSIDERATION DENIED; ANY COSTS TO BE PAID BY APPELLANT.